LOREN DALE WINDUS, administrator of estate of Shirley Ann Windus, deceased, appellee, v. GREAT PLAINS GAS, a division of National Propane Corporation, and NATIONAL PROPANE CORPORATION et al., appellants.

No. 50676.

(Reported in 116 N.W.2d 410)

116

July 24, 1962.

Lane & Waterman, of Davenport, for Great Plains Gas, a division of National Propane Corporation, and National Pro-

pane Corporation; Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for Fisher Governor Company, a corporation; Hart, Shulman, Phelan, Tucker & Ivie, of Iowa City, for Herbert Ivan Wolf and Gladys Wolf, individually and d/b/a Wolf Appliances and Raymond Penderson; and William L. Meardon and Ansel Chapman, both of Iowa City, for Ruud Manufacturing Corporation, appellants.

Messer & Cahill and Jay H. Honohan, all of Iowa City, for appellee.

SNELL, J.—Justiciable problems should be submitted only after careful consideration and preparation, but there must be terminal facilities for even the most intricate lawsuits. The problem before us involves the authority of the court to reinstate a case dismissed for want of prosecution under rule 215.1, Rules of Civil Procedure. To oversimplify somewhat, the question is: "Do the rules mean what they say?" Unless we are to disregard the rules necessary for the orderly and expeditious disposition of litigation, the answer must be "yes". Until the axe fell and the case was dismissed, no one in the case at bar ever seemed to hurry.

Although tedious in review, the chronology of events is important.

Plaintiff is administrator of the estate of his deceased wife.

On August 15, 1957, there was a gas explosion in or in connection with a water heater or bottled gas supply in the home of plaintiff and decedent. Plaintiff says as a result thereof decedent was so injured as to cause her death. Plaintiff claims liability against several defendants, including the manufacturers of equipment and component parts, distributors, vendors, installers and also the distributors and sellers of the bottled gas.

Plaintiff's claim was made in his petition filed August 12, 1959, nearly two years after the explosion. He also filed two companion cases on the same date. Between September 2, 1959, and November 13, 1959, appearances were filed for the several defendants, including a special appearance relating only to the identification of a named defendant and not material here.

On September 30, 1959, there was filed a stipulation providing for the examination of the premises and equipment by the defendants within 30 days and that none of the said defendants need file answer, motion or pleading until after a reasonable period of time following the examination.

On March 5, 1960, March 18, 1960, April 30, 1960, and May 3, 1960, motions to dismiss, to strike and for more specific statement were filed by the various defendants. The motions for more specific statement were sustained in several particulars on May 10, 1960. As far as material here, the motions to dismiss and to strike were overruled.

On September 2, 1960, plaintiff filed amendments to his petition. On November 14, 1960, one amendment was attacked by a motion to strike. The motion was overruled.

On December 8, 1960, some of the defendants propounded ten interrogatories to be answered by plaintiff.

On December 16, 1960, February 15, 1961, and February 17, 1961, answers were filed by three of the defendants.

On September 13, 1961, plaintiff filed an amendment to his petition as to one of the defendants not included in his prior amendments.

On September 13, 1961, plaintiff filed objections to three and answers to seven of the interrogatories previously propounded on December 8, 1960. On September 20, 1961, these objections were attacked by motion to strike. On September 20, 1961, one of the defendants filed a motion for more specific statement.

The motion to strike the objections to interrogatories and the motion for more specific statement above referred to were sustained on October 4, 1961. There is no showing of any effort upon the part of plaintiff to comply with either ruling.

On October 20, 1961, National Propane Corporation, one of the defendants, filed a motion for leave to make Shell Oil Company, Inc., a party to the action based upon the theory of indemnity or contribution but in no way affecting plaintiff's claim against the original defendants. The motion was supported by affidavit of counsel, the form of the original notice to be served and a copy of the cross-petition to be filed against Shell Oil Company, Inc. On the same day an order authorizing National Pro-

pane Corporation to make Shell Oil Company, Inc., a party to the action was filed.

On the thirtieth day of January 1961, pursuant to the provisions of sections 684.18 and 684.19, Code of Iowa, and chapter 367, Laws of the Fifty-eighth General Assembly, the supreme court prescribed and reported to the Fifty-ninth General Assembly of the State of Iowa, rules of practice and procedure for proceedings of a civil nature in the courts of this state. These rules, as submitted, appear as chapter 351, Laws of the Fifty-ninth General Assembly.

As shown by chapter 351, Laws of the Fifty-ninth General Assembly, rule No. 215.1, reading as follows, was prescribed:

"215.1  Uniform rule for dismissal for want of prosecution. It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time.

"All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at the next term commencing after August 15 of said year. The clerk shall prior to August 15 give notice to counsel of record as provided in rule 82 of:

(a)  the docket number,
(b)  the names of parties,
(c)  counsel appearing,
(d)  date of filing petition,

and the notice shall state that such case will be for trial and subject to dismissal if not tried in the next succeeding term pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. This rule shall not apply to cases (a) pending on appeal from a court of record to a higher court or under order of submission to the court; (b) in which proceedings subsequent to judgment or decree are pending; (c) which have been stayed

pursuant to the Soldiers and Sailors Civil Relief Act; (d) which have been filed but in which plaintiff has been unable by due diligence to obtain service of original notice; (e) where a party is paying a claim pursuant to written stipulation on file or court order; and (f) awaiting the action of a referee, master or other court appointed officer; provided, however, that a finding as to (a) through (f) is made and entered of record.

"No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date or term certain."

This rule became effective July 4, 1961, and now appears in its regular order in the 1962 Code of Iowa.

Pursuant to this rule the clerk of the district court, in the latter part of July 1961, prepared and gave notice to counsel for plaintiff and defendants, enclosing copy of the rule and listing this case as subject to dismissal thereunder.

Plaintiff took no action to avoid dismissal and made no filing whatsoever relative thereto.

On the seventh day of November 1961, the clerk of the district court entered an order of dismissal pursuant to rule 215.1.

The next day, November 8, 1961, plaintiff filed a motion for reinstatement, urging that the case and companion cases are of unusual circumstances and that because of said unusual circumstances plaintiff had been unable with reasonable diligence to prepare the cause for trial.

On November 9, 1961, plaintiff's motion for reinstatement was set for hearing at 10 a.m., on November 17, 1961, and a seven-day notice by mail directed.

Special appearances were filed in behalf of Ruud Manufacturing Corporation on November 15, 1961, in behalf of Fisher Governor Company on November 16, 1961, in behalf of defendants Wolf and Penderson on November 16, 1961, and in behalf of Great Plains Gas, a division of National Propane Corporation, and National Propane Corporation on November 17, 1961. All of the special appearances challenged the jurisdiction of the court to entertain a motion to reinstate. In effect the claim of defendants is that the entry of the dismissal for want of prose-

cution is a final adjudication and that any attempts to set it aside must be brought under rules 252 and 253 of the Iowa Rules of Civil Procedure.

It should be kept in mind that plaintiff had failed to comply with the order of October 4, 1961, requiring answers to interrogatories and had failed to comply with the order of October 4, 1961, sustaining the motion for more specific statement.

Hearing was had with evidence by affidavit by plaintiff's counsel and oral testimony in behalf of the several parties. On December 26, 1961, the court overruled the special appearances and on December 29, 1961, entered an order, judgment and decree sustaining the motion to reinstate and restoring the case to the list of active cases pending in the court and expunging the order of dismissal.

From that part of the trial court's order with which we agree we quote:

"This matter arises on plaintiff's Motion to Reinstate the above cases, which were dismissed for failure to prosecute under the provisions of Rule 215.1 of the Iowa Rules of Civil Procedure.

"Rule 215.1 became effective July 4, 1961, and represents the first statutory requirement for the disposal of cases within a certain time. The theory of this Rule is not new, however, and prior to its effective date, most Courts, including this one, had local rules for the dismissal of so-called 'stale' cases.

"Under the provisions of the Rule the plaintiff in the above cases was obliged to try the cases during the September, 1961, Term of this Court or to have them stricken for want of prosecution, unless he obtained an Order continuing them for good cause shown.

"The cases were neither tried nor continued, and on November 7, 1961, the first day of November, 1961, Term of this Court, and after the November Term had started, the Clerk of this Court made a docket entry dismissing the causes and assessing the costs in each case against the plaintiff.

"The question now is whether or not the plaintiff is entitled to have these cases reinstated.

"The Court finds that pursuant to Rule 215.1 the Clerk of the District Court of Muscatine, Iowa, gave proper notice of the status of the above captioned cases to plaintiff's counsel prior to August 15, 1961. The Court further finds that no application for continuance was filed during the September term of this Court. The Court further finds that the above captioned cases were not assigned for trial during the September term of Court nor was any request for their assignment made by any party to this litigation.

"On October 20, 1961, a verified motion was filed by National Propane Corporation, one of the defendants, pursuant to Rules 33 and 34 of the Iowa Rules of Civil Procedure, asking leave to bring in Shell Oil Company, Inc. as an additional party defendant. The motion was based upon the allegation that the Shell Oil Company, Inc. was a necessary party to grant complete relief in these causes. On the same day an Order of this Court was entered granting the National Propane Corporation the right to make Shell Oil Company, Inc., a party to this action. On October 23, 1961, as shown by the return of service on file in this court, the Shell Oil Company, Inc., was served with notice that the cross-petition of National Propane Corporation had been filed against it. The notice required the additional defendant to appear on or before November 12, 1961.

"After the Order of October 20, 1961, permitting the addition of Shell Oil Company, Inc., as a party defendant, no further action appears in any of these cases until the entry of judgment made by the Clerk on November 7, 1961. On the very next day, November 8, 1961, plaintiff filed a Motion to Reinstate each of these cases.

"The announced purpose of Rule 215.1 is to dispose of litigation within one year from the date petition is filed. The rule, inferentially, at least, acknowledges this is not possible in all cases. The rule further sets up the procedure by which cases may be continued beyond the time prescribed therein.

"At the outset the plaintiff is confronted with the charge that he did not comply with the provisions of Rule 215.1 to secure a continuance. He seeks to avoid the application of this rule by stating that the circumstances existing here made the

rule inapplicable to him and made it unnecessary for him to secure a continuance under that rule. His chief claim is that the Order of October 20, 1961, permitting the addition of a new party defendant made it impossible under any circumstances to dispose of this case at the September term of Court, and that this Order was, in effect, the same as an Order continuing the cause."

I.   The proceedings to reinstate the cause of action dismissed under rule 215.1 should not be confused with proceedings to correct, vacate or modify a final judgment or order under the provisions of rule 252 and rule 253, Rules of Civil Procedure.

Rule 252 provides that upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order or grant a new trial on any of the grounds therein specified. Rule 253 provides for the procedure, including the petition, notice, trial, preliminary determination and judgment in such a proceeding.

Appellants do not challenge plaintiff's right to a hearing under the provisions of rules 252 and 253, but such admission does not include an admission of plaintiff's right to prevail thereunder.

II.   It should be noted that rule 215.1 is positive and definite in its terms and is clearly mandatory. Nowhere in the rule does the permissive word "may" appear, but the mandatory verb "shall" appears eight times. The operation of the rule is not discretionary with the trial court. 27 C. J. S., Dismissal and Nonsuit, section 65(2). Only under the conditions specified in the rule is there any authority for its suspension, and in those cases only where there is a finding made of record. The word "shall" appearing in the rule is clearly mandatory, used to express a command. The word is used in laws, regulations or directives to express what is mandatory. Webster's Third New International Dictionary, Unabridged. There having been no finding entered of record suspending the rule for dismissal, it was clearly the duty of the clerk to make the entry of dismissal, as was done here.

The rule provides that cases "shall be assigned *and* tried

*or* dismissed". (Emphasis supplied.) The rule provides for alternative procedure, assignment and trial or dismissal. Assignment is ordinarily a prerequisite to trial but under the rule neither assignment nor trial is a prerequisite to dismissal.

■ III. Unless and until it was set aside, the dismissal, and entry of judgment for costs, was a judgment and final as to the pending action. Rule 219, Rules of Civil Procedure; Workman v. District Court, Delaware County, 222 Iowa 364, 269 N.W. 27; Whittier v. Whittier, 237 Iowa 655, 23 N.W.2d 435; Des Moines Union Railway Co. v. District Court of Polk County, 170 Iowa 568, 153 N.W. 217. See discussion in dissenting opinion in Phelps v. Varbel, 248 Iowa 467, loc. cit. 474, 79 N.W.2d 763.

27 C. J. S., Dismissal and Nonsuit, section 77, says: "It is generally held that where a suit is dismissed or a nonsuit ordered, it carries the parties and the entire cause of action out of court until the judgment is vacated and the cause reinstated."

■■ IV. Rule 215.1 provides that a case shall be "dismissed without prejudice at plaintiff's costs". A judgment of dismissal "without prejudice" is not ordinarily res judicata of the merits of the controversy. A dismissal without prejudice leaves the parties as if no action had been instituted. It ends the particular case but is not such an adjudication in itself as to bar a new action between the parties. 45 Words and Phrases, pages 439 to 443. 27 C. J. S., Dismissal and Nonsuit, section 39. The dismissal here was "pursuant to rule 215.1". It was accordingly without prejudice. Rule 215, relating to voluntary dismissals, rule 217, stating the effect thereof, and Patterson v. Union Pacific Railroad, 242 Iowa 1273, 49 N.W.2d 820, decided thereunder, are not applicable here.

■ V. Various statutes and rules relate to new trials, vacation of judgments and correction of an erroneous record. Section 604.41 of the Code provides that the court record is under the control of the court and may be amended or any entry therein expunged at any time during the term at which it is made or before it is signed by the judge. This provision in similar form has been a part of our statutory law for many years. It was construed in the early case of The Hawkeye Insurance Co. v. Duffie, 67 Iowa 175, 177, 25 N.W. 117, 118, wherein it was defi-

nitely held that the "case having been disposed of by the rendition of the final judgment, the court ceased to have jurisdiction over the defendant in the action". This case was cited and approved in Des Moines Union Railway Co. v. District Court of Polk County, supra, wherein it was held that the power to set aside a final judgment must be exercised strictly in accordance with statutory regulations. The statutes then in force are now embodied in rules 252 and 253, Rules of Civil Procedure. From these cases it clearly appears that the inherent and statutory power of the court to expunge or amend an entry does not include those cases where jurisdiction has been lost by the entry of a final judgment. In such instances relief may be afforded only under the provisions of rules 252 and 253.

VI.   It should be kept in mind that rule 215.1 is new, with its effective date July 4, 1961. It was clearly intended to tighten and limit situations under which a judgment of dismissal might be vacated in the discretion of the trial court. In the light of rule 215.1, many of the cases decided prior to its effective date under which discretionary powers were exercised by trial courts are no longer controlling authority.

VII.   Rule 215.1, quoted above, lists six situations in which the dismissal rule shall not apply. It is not claimed that the case at bar comes under any of these exceptions. Prior to the listing of the exceptions wherein the rule does not apply, it is provided that cases shall be dismissed without prejudice "unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte." There is no showing of any such application by plaintiff prior to the dismissal by the clerk. Assuming arguendo that an application for continuance if filed prior to dismissal and heard after notice might have been granted, it does not follow that an application after dismissal is within the jurisdiction of the court to entertain. To so hold would nullify the purpose and effectiveness of the rule. We interpret the rule to mean that in order to avoid a mandatory dismissal under the rule there must be an application setting forth the reasons, notice, hearing, finding and order for continuance before the entry of a dismissal. No undue hardship necessarily follows such

an interpretation of the rule. Diligence and vigilance are not penalized. In the rare case where proper preparation is not possible within the time permitted by the rule, all that is necessary in order to avoid dismissal is compliance with the clear provisions of the rule.

VIII.    Plaintiff's motion for reinstatement filed on November 8, 1961, was not a petition to vacate or modify a judgment under the provisions of rule 252. While not referring to any rule by number, it was clearly a motion for reinstatement in avoidance of the dismissal entered under rule 215.1. The authority of the court to entertain such a motion was attacked by special appearance filed in behalf of each defendant. This procedure was proper. Hammon v. Gilson, 227 Iowa 1366, 291 N.W. 448, involved an application by a plaintiff to reinstate a case previously dismissed under a local rule. On the filing of the application the trial court made an order setting the same for hearing and directing a five-day notice by mail to defendants. The notice was given. The jurisdiction of the court to entertain such an application was attacked by special appearance. The trial court overruled the special appearance and reinstated the case. On appeal the reinstatement and the overruling of the special appearance were reversed and it was definitely held that the court had no power to set aside the judgment of dismissal except by following the proceedings required by statute and that the trial court had no jurisdiction to render and enter the order appealed from.

In the case at bar the case had been dismissed. The court was thereafter without jurisdiction. The attempt to reinstate was vulnerable to attack by special appearance and the special appearances of defendants should have been sustained.

IX.    Appellants urge that following the dismissal of plaintiff's case the only remedy available to plaintiff was the procedure authorized by rules 252 and 253. We agree. Rule 252, as previously noted in Division I, supra, provides for the correction, vacation or modification of a final judgment or order for the reasons set forth in the rule. Rule 253 sets forth and outlines the procedure thereunder. Subsection (a) of the rule provides for the filing of a petition. Subsection (b) says: "After filing

the petition, and also within the year aforesaid, petitioner must serve the adverse party with an original notice in the manner provided in division III of these rules." There is no claim that any such petition has been filed or notice given and no question of plaintiff's right to relief thereunder is now before us.

Prior to the adoption of the Rules of Civil Procedure a dismissal for lack of prosecution could be attacked in one of two ways. During the term in which the dismissal was entered, a motion for reinstatement could be made by virtue of the inherent power of the court to change, modify or expunge the record. This power, codified by section 604.41 mentioned above, and many cases prior to the adoption of the rules indicate that a motion to reinstate might be granted. At a term subsequent to dismissal, procedure was governed by section 12787, appearing in chapter 552, Iowa Code, 1939, which provided procedure for the vacation or modification of a final judgment after the term at which the same was rendered. As shown by rule 1(d), Rules of Civil Procedure, and the appendix filed in connection therewith, this statute was in effect repealed and rule 252 was adopted in lieu thereof. Rule 252 covers the same subject as the repealed statute but a notable change appears by the elimination of the words "after the term". This omission is important for it now appears that rules 252 and 253 provide the statutory procedure for attacking a dismissal for want of prosecution whether made during or after the term at which the dismissal was entered. We hold that the distinction previously existing between a motion to reinstate during the term at which a dismissal was entered and the procedure available after the term no longer exists, and that where the jurisdiction of the court is lost due to dismissal of an action, the procedure is now governed by the provisions of rules 252 and 253, Rules of Civil Procedure.

X. On October 20, 1961, defendant National Propane Corporation, pursuant to rules 33 and 34, Rules of Civil Procedure, moved for leave to make Shell Oil Company, Inc., a party to the action. Attached thereto was an affidavit by counsel for moving defendant, copy of the original notice to be served and a copy of the cross-petition to be filed. The cross-petition sought indemnity or contribution from Shell Oil Company, Inc.,

and in favor of defendant National Propane Corporation. The cross-petition was in no way defensive to plaintiff's claim. On the same date an order was made authorizing the defendant National Propane Corporation to proceed pursuant to its motion. Procedure against new parties requires the service of notice as for an original action, and a new party so brought in would have the statutory time for an appearance, motion or pleading. The time within which Shell Oil Company, Inc., defendant on cross-petition, was required to act had not expired when the order of dismissal of the main case was made.

Plaintiff-appellee argues vigorously that because of the bringing in of a defendant on cross-petition who was not yet in default for want of appearance or answer, the case was not at issue, could not be assigned for trial and the dismissal of the main case could not with propriety be made.

· The weakness in plaintiff's position lies in two particulars, the first being that as between plaintiff and defendants it was the plaintiff who was in default. On December 8, 1960, ten interrogatories were propounded to plaintiff. On September 13, 1961, plaintiff filed objections to three of the interrogatories and answers to seven. On September 20, 1961, plaintiff's objections were attacked by motion to strike. The motion to strike the objections to interrogatories was sustained on October 4, 1961.

Under the provisions of rule 123, Rules of Civil Procedure, objections or answers must be filed within seven days unless the court for good cause, but not ex parte, shall enlarge the time. The rule also provides that after hearing upon objections if the court determines that the interrogatories shall be answered, the time within which answers shall be filed shall be fixed by the court. Instead of responding to defendants' interrogatories within seven days as contemplated by the rule, plaintiff did nothing for over nine months, and since the overruling of plaintiff's objections to three of the interrogatories on October 4th, did nothing. The order of the court overruling the objections did not fix the time within which the answers should be made, and plaintiff was, as a result of said omission, entitled only to the seven days authorized by the rule.

The motion for more specific statement filed by defendant Ruud on September 20, 1961, was sustained on October 4, 1961. Plaintiff made no attempt to comply with this ruling. Under the provisions of rule 86, Rules of Civil Procedure, plaintiff was required to comply with this ruling within seven days. As between plaintiff and defendants, failure to have the case at issue was chargeable to plaintiff and not defendants. Plaintiff's failure to have the case at issue will not support the suspension of rule 215.1 providing for dismissals.

Upon the filing of a motion for permission to bring in a defendant on cross-petition under the provisions of rule 33(b) and rule 34, there is considerable discretion vested in the trial court. Woods v. Christensen, 249 Iowa 232, 86 N.W.2d 98. Upon the granting of such motion, it might be argued that plaintiff would have the basis for a motion for continuance under rule 215.1, but an order authorizing the bringing in of a defendant on cross-petition does not automatically take the case out of the rule requiring dismissal. The situation is not within those specified wherein the rule shall not apply. To say that such a situation prevents the operation of the dismissal rule without a hearing and order would be contrary to the purpose and intent of the rule. The Shell Oil Company, Inc., was not a party against whom plaintiff made any claim. The question of possible indemnity or right to contribution as between defendant cross-petitioner and defendant on cross-petition was of no concern to plaintiff. It had nothing to do with the issues tendered by plaintiff against defendants. The situation will not support a statement or a holding that as between plaintiff and defendants the case was not at issue. The fact that plaintiff might have filed an application for continuance and suspension of the rule, and that the court might have sustained such a motion, does not support an application or an order subsequently made based on what might have been done by timely procedure.

The court was without jurisdiction to entertain the motion to reinstate. The special appearances should have been sustained and the motion to reinstate overruled.

The case is reversed and remanded for the entry of an order in harmony herewith.—Reversed and remanded.

GARFIELD, C. J., and OLIVER, HAYS, THOMPSON, PETERSON and MOORE, JJ., concur.

THORNTON, J., concurs in result.

LARSON, J., takes no part.