**Mary KOSS, Appellant,**

v.

**CITY OF CEDAR RAPIDS, Iowa, et al., and Orlie J. Workman, Sheriff of Linn County, Iowa, Kenneth L. Perry, Jr., Clerk of Linn County District Court, Appellees.**

**No. 63421.**

Supreme Court of Iowa.

Jan. 14, 1981.

---

John D. Randall, Jr., and Ronald W. Wendt, Cedar Rapids, for appellant.

David F. McGuire, City Atty., Cedar Rapids, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and LARSON, JJ.

LARSON, Justice.

We granted further review of the court of appeals' decision in this case to address one specific issue: Does an application for interlocutory appeal under Iowa Rule of Appellate Procedure 2 deprive the district court of jurisdiction to dismiss a case under Iowa Rule of Civil Procedure 215.1? The district court ruled the action was dismissed, by operation of rule 215.1, during

the pendency of the application. The court of appeals reversed. We vacate the decision of the court of appeals and affirm the district court.

The underlying controversy involved the condemnation by the City of Cedar Rapids of land owned by Mary Koss, who appealed the condemnation award to the district court as provided by section 472.22, The Code 1973. That action was filed in July, 1974; in 1976 notice was mailed by the clerk of district court, under rule 215.1, that the case was subject to dismissal if not disposed of or continued before January 1, 1977. In response to that notice the parties stipulated the case should be continued past the deadline, and an order was entered that the case be "continued over the term for trial or other disposition during the year of 1977."

Koss filed a motion for summary judgment, which was overruled on October 18, 1977. She then sought permission to appeal that ruling under appellate rule 2, by an application filed on November 17, 1977. Again a rule-215.1 notice had been sent by the clerk, stating the case was subject to dismissal if not tried prior to January 1, 1978. No order of continuance was entered in response to the 1977 notice. The interlocutory appeal was granted by an order of the supreme court on January 6, 1978. In the meantime, the clerk had affixed a rubber-stamped notation to the case, on December 30, 1977 (the last business day of the year), showing the case was dismissed under rule 215.1. Upon learning that the interlocutory appeal was granted, the clerk later crossed out the notation of dismissal. The interlocutory appeal was presented to this court and the order denying summary judgment was affirmed. *Koss v. City of Cedar Rapids*, 271 N.W.2d 730 (Iowa 1978). After the case was remanded for trial it was set for pre-trial conference. At that time, counsel for the city advised Koss' counsel that it would be asserting the case had been dismissed as of December 31, 1977, and was no longer viable. Koss then filed this action seeking a declaration of the status of the case. The district court held the case was dismissed under rule 215.1 as of December 31, 1977, and, the six-month time limit for reinstatement having passed, the case could not be prosecuted.

The court of appeals, in a three-to-two decision, reversed, holding that Koss' application for permission to appeal under appellate rule 2 "may reasonably be found to have transferred jurisdiction of the matter to the supreme court when it was filed on November 17, 1977." It further observed that the purpose of rule 215.1, to assure timely and diligent prosecution of cases, had not been frustrated because Koss was prosecuting the case in "a timely, diligent fashion."

I. *Effect of application for interlocutory appeal.*

█    Appellate rule 2 provides:

*(a)* Any party aggrieved by an interlocutory ruling or decision ... may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. Such appeal may be granted, after service of the application and hearing as provided in rules 22 and 30, rules of appellate procedure, on finding that such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice.

.        .        .        .        .

*(b)* The order granting such appeal may be on terms advancing it for prompt submission. It shall stay further proceedings below and may require bond.

Iowa R.App.P. 2. Appellate rule 6 provides:

*(b)* An interlocutory appeal under rule 2, rules of appellate procedure, shall be deemed taken and perfected *when the order allowing it is filed with the clerk of the supreme court.* No notice of such appeal is necessary. The time for any further proceeding on such appeal which would run from the notice of appeal shall run from the date such order is so filed. The clerk of the supreme court shall promptly transmit a copy of such order to

the attorneys of record and the clerk of the trial court.

Iowa R.App.P. 6(b) (emphasis added).

Koss concedes that an interlocutory appeal is perfected only when permission is granted, and that the district court continued to maintain "at least some jurisdiction" until the order granting the interlocutory appeal was entered on January 6, 1978. She argues, however, that the supreme court also had some jurisdiction during the pendency of the application for discretionary review. Relying on the general principle that jurisdiction simply means the power to hear and determine an issue, *City of Ames v. Olsen*, 253 Iowa 983, 986, 114 N.W.2d 904, 906 (1962), she asserts that power, and hence jurisdiction, was exercised by the supreme court in this case by entering preliminary orders setting times for hearing, denying oral argument, extending time to file briefs, and making the decision whether to grant permission to appeal. Proceeding from this premise—that both courts have "some" jurisdiction during the pendency of an application for discretionary appeal— she argues that the district court could take no action "which would defeat the purpose or the subject matter of the supreme court's jurisdiction." Dismissal under rule 215.1, she claims, would be such action, because it "would be directly contrary to the exercise of the supreme court's jurisdiction and would serve to defeat it."

A concept of divided jurisdiction in such cases is generally recognized. One authority has said that

> [j]urisdiction as to the entire cause is not transferred in an appellate proceeding for the review of an incidental or interlocutory matter, but the trial court or parties may still proceed in matters not involved in the appeal and which are entirely collateral to the part of the case taken up; and the appellate court is without power to make any orders in the cause except with respect to the particular order appealed from. *An appeal from an order on a motion brings up only the motion together with copies of papers on which it is founded, but does not bring up the action.*

.    .    .    .    .

Furthermore, the lower court cannot proceed in such manner as to lead to a decision, pending the appeal, of the very question involved on the appeal, or of a question which cannot properly arise or be determined until after determination of the appeal; nor may it so dispose of the cause as to interfere with the jurisdiction or orders of appellate court; and the proceedings had in the lower court pending appeal are subject to be set aside if they are inconsistent with the order or decision of the appellate court.

4A C.J.S. *Appeal & Error* § 609, at 399–401 (1957) (emphasis added) (footnotes omitted). Another authority states:

> A litigant cannot deprive the trial court of jurisdiction by taking an appeal from a nonappealable interlocutory order, and even an appeal from an appealable intermediate or interlocutory order does not divest the trial court of jurisdiction to proceed in matters not involved in the appeal.

4 Am.Jur.2d *Appeal & Error* § 357, at 835 (1962) (footnotes omitted). Accordingly, to hold a district court's jurisdiction is preempted as to a particular issue in the case, there must be an identity of issues; even if the supreme court obtained some jurisdiction by exercising its power to act on the application for interlocutory appeal, it did not preempt jurisdiction as to issues not raised in the application. The issue raised here—the district court's overruling of the summary judgment motion—set the parameters of any appellate-court jurisdiction. Dismissal under rule 215.1 was not raised, and jurisdiction as to that issue remained in the district court. The exception for cases "pending on appeal from a court of record to a higher court or under order of submission to the court," Iowa R.Civ.P. 215.1, is therefore inapplicable.

■ Koss argues that to permit a district court to exercise its jurisdiction in dismissing a case would, in effect, destroy the subject matter under consideration by the

supreme court. While this might be the result of such dismissal, it is clear that jurisdiction to deal with the application of rule 215.1, if such jurisdiction is required, remained in the district court. This presents a point not addressed by the parties: While *preservation* of a case subject to a rule-215.1 dismissal, by application and order for continuance, requires exercise of the district court's jurisdiction, a *dismissal* of such a case is by operation of law and requires no action by the district court or notation by the clerk to that effect. *See Brown v. Iowa District Court*, 272 N.W.2d 457, 459 (Iowa 1978). Absent an application and order for continuance, neither the district court nor the supreme court had the power to avoid it once the procedure was set in motion by the clerk's notice. Dismissal in this manner, because it does not involve exercise of any jurisdiction by a district court, does not amount to the competition for subject-matter jurisdiction between the trial and appellate courts proscribed by the general rule discussed above.

The case was dismissed by operation of law on December 31, 1977, because the order of November 17, 1976, directing its disposal during 1977 had not been complied with, *see Brown*, 272 N.W.2d at 458, and no further order for continuance was obtained. The district court was correct in its ruling.

II. *Reinstatement under rule 215.1.*

Koss argues that if the district court had jurisdiction under rule 215.1, it erred in refusing to reinstate the case under the provisions of that rule. She complains that her attorney did not receive notice from the clerk as provided for by the rule, and that the six-month limitation for application to reinstate was "tolled" by the appeal when it was granted on January 6, 1978.

As to the first ground, we have held that even if good cause is shown, a case may not be reinstated unless the application to reinstate is filed within six months of the dismissal. *Werkmerster v. Kronenberger*, 262 N.W.2d 295, 296–97 (Iowa 1978); *Psotka v. Brockney*, 260 N.W.2d 413, 414 (Iowa 1977). Here the dismissal was on December 31, 1977; the application for reinstatement was not filed until January 22, 1979, well beyond the six-month period for reinstatement provided for by rule 215.1. As to the second ground, the January 6 order granting permission to appeal did not "toll" the period for reinstatement; there is nothing in the rule to imply that the period could be tolled by any such means and, in fact, to read such a provision into it would frustrate the purpose of assuring the timely and diligent prosecution of cases. *Brown*, 272 N.W.2d at 458. The district court correctly ruled it was without authority to reinstate the case. The court of appeals' opinion must be vacated and the judgment of the district court affirmed.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.