ALLIED GAS AND CHEMICAL CO., INC., Appellant,

v.

FEDERATED MUTUAL INSURANCE COMPANY, Appellee.

No. 84–426.

Supreme Court of Iowa.

March 20, 1985.

As Amended on Denial of Rehearing April 18, 1985.

B.A. Webster and Brent B. Green of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellant.

Timothy J. McKay and John N. Moreland of McKay & Moreland, P.C., Ottumwa, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LARSON, J.

An action brought by the plaintiff Allied Gas and Chemical Co., Inc. against Federated Mutual Insurance Company was dismissed under Iowa Rule of Civil Procedure 215.1. Allied argues the dismissal was improper for several reasons; it also contends the court erred in allowing Federated to withdraw prior discovery admissions and in denying its claim for attorneys fees in connection with an earlier interlocutory appeal on the discovery issue. We affirm in part, reverse in part, and remand.

This suit was originally filed in district court on April 30, 1980. It sought to recover for a fire loss sustained by the plaintiff and allegedly covered by a fire insurance policy provided by the defendant. The facts underlying the action are set out in an earlier interlocutory appeal and reported as *Allied Gas & Chemical Co. v. Federated Mutual Insurance Co.*, 332 N.W.2d 877 (Iowa 1983). As both parties point out, the issues involved in this appeal are entirely procedural and do not involve the merits of the controversy between them.

In 1981, notice was mailed by the clerk of the district court under rule 215.1, that the case was subject to dismissal if not disposed of or continued before January 1, 1982. The parties entered into a stipulation requesting that the case be "continued into 1982," and the district court entered an order granting the continuance. A March 15, 1982, trial date was set in the order.

At a pretrial conference on March 1, 1982, it was discovered that Federated had failed to answer Allied's first request for admissions, which had been filed on September 22, 1981. Federated requested four days in which to file its answers to the request for admissions. The trial court continued the case to March 30, 1982. It also set a March 15 hearing date to determine what effect, if any, Federated's failure to answer the request for admissions would have on the case.

On March 16, 1982, the court entered an order denying Federated's application for an extension of time to file answers. The court also entered an order deeming all requests for admissions admitted under rule 127 as a sanction for Federated's failure to answer on time. Federated applied for an interlocutory appeal, which was granted on March 26, 1982. The opinion of this court was filed on April 20, 1983, affirming the district court on its rule-127 order.

During the thirteen-month period beginning with the application for interlocutory review in March, 1982, and ending with our opinion in the original appeal, in April, 1983, the parties did nothing to continue this case under rule 215.1. The clerk of the district court did not send out a rule 215.1 "try or dismiss" notice in 1982.

On November 28, 1983, a pretrial conference was held. At that time, Allied's attorney inquired about the status of the case under rule 215.1. The district court, Morrison, J., made an entry on the calendar stating that the case was not subject to dismissal under rule 215.1, and the case was set for trial on March 13, 1984.

On the date set for trial, the district court, Jenkins, J., on its own motion raised

a question as to the continued validity of this action in view of rule 215.1. Federated moved to dismiss the action, and the court obliged, citing *Koss v. City of Cedar Rapids,* 300 N.W.2d 153 (Iowa 1981). This appeal followed.

## I. *The Rule 215.1 Dismissal.*

Allied argues that the district court's ruling, that this case was automatically dismissed by operation of rule 215.1 on January 1, 1983, was erroneous for several reasons: (1) the case was "pending on appeal," under rule 215.1; (2) the clerk's failure to serve the rule-215.1 notice in 1982 precluded the dismissal; (3) the effect of the order by the supreme court granting interlocutory review was to stay all district court proceedings in the case; and (4) the district court's calendar entry declaring rule 215.1 to be inapplicable constituted a valid order of continuance.

Federated contends the case was dismissed by operation of rule 215.1 on January 1, 1983. That rule provided, in pertinent part:

It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed....

All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record.... All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. This rule shall not apply to cases *(a) pending on appeal from a court of record to a higher court or under order of submission to the court; ... provided, however, that a finding as to "a" ... is made and entered of record.* [Emphasis added.]

A. *The Pending Appeal Issue.* Allied, pointing to subsection (a), claims the rule was inoperative while Federated's interlocutory appeal was pending. It is undisputed that, as of the date of dismissal, January 1, 1983, the case was pending in the supreme court under the order allowing the interlocutory appeal.

Federated, however, contends that there was no *finding* entered by the district court that the case was on appeal and that, under the last quoted sentence of rule 215.-1, such a finding was a condition precedent to exclusion from the operation of the rule. In the absence of an express finding, the fact it was actually pending on appeal is of no effect, according to its argument.

■ It is true that there was no express finding that the case was pending on appeal, however, the application and order in connection with the interlocutory appeal appeared in the district court records, making it obvious that the case was pending in the supreme court. Under these circumstances, a "finding" of that fact would be a mere formality. While this finding would be helpful in aiding a clerk in determining whether notice would be required in specific cases, or perhaps for other reasons, it should not be deemed to be a condition precedent to exemption when the actual fact establishing the exemption appears in the record.

Federated relies on the case of *Windus v. Great Plains Gas,* 254 Iowa 114, 123, 116 N.W.2d 410, 415 (1962) where this court stated that

[o]nly under the conditions specified in the rule is there any authority for its suspension, and in those cases only where there is a finding made of record.... There having been no finding entered of record suspending the rule for dismissal, it was clearly the duty of the clerk to make the entry of dismissal, as was done here.

*Windus,* however, must be distinguished from the present case. In *Windus,* no claim was made that the case fell under any of the exceptions provided in rule 215.-

1. In that case, the district court had entered an order reinstating the case, and this court held that there was no authority to do so. The "finding made of record" referred to the finding in connection with an application for a continuance, not in connection with a claimed exemption. We said that

> [w]e interpret the rule to mean that in order to avoid a mandatory dismissal under the rule there must be an application setting forth the reasons, notice, hearing, finding and order for continuance before the entry of a dismissal.... In the rare case where proper preparation is not possible within the time permitted by the rule, all that is necessary in order to avoid dismissal is compliance with the clear provisions of the rule.

*Id.* at 125–26, 116 N.W.2d at 416.

■ We conclude this case was on "appeal" under the meaning of rule 215.1 and, under the circumstances of this case, the requirement of a "finding" was substantially supplied by the district court record. This case must be distinguished from *Koss*, which the trial court relied on, in respect to the pending-appeal exception to rule 215.1. In *Koss*, unlike the present case, the interlocutory appeal had not been granted as of the time of dismissal. The only matter pending in the supreme court at the time of dismissal was an application for an appeal.

■ We should also add a cautionary note about the "divided jurisdiction" concept discussed in *Koss*. In *Koss*, the implication was that granting interlocutory appeal on a limited issue would not preclude the district court's dealing with other issues, or a dismissal by operation of law under 215.1. Judge Jenkins, unfortunately, relied on this "divided jurisdiction" language in ordering this case dismissed. We now reexamine this concept and retreat from the language of *Koss*, insofar as it suggests an interlocutory appeal, if granted, would not prevent a dismissal under rule 215.1. Despite the fact such an appeal may be limited in scope, it is nevertheless an "appeal" under the exception provided by rule 215.1(a). Moreover, as we discuss in the following subdivision of this opinion, the effect of an order granting an interlocutory appeal is to stay further district court proceedings, including those under rule 215.1.

B. *The Stay.* Following Federated's application for interlocutory appeal, an order of this court set a hearing on the application and provided that "plaintiff's motion for summary judgment and all other proceedings in the trial court are hereby stayed pending a ruling by this court on defendant's application for interlocutory appeal." The subsequent order, the one actually granting interlocutory appeal, contained no provision regarding the stay. It did, however, provide that "the parties shall proceed pursuant to our rules of civil procedure."

■ Rule of appellate procedure 2(b) provides, as to interlocutory appeals, that "[t]he order granting such appeal may be on terms advancing it for prompt submission. *It shall stay further proceedings below* and may require bond." (Emphasis added.) The effect of this rule is to stay proceedings below whether or not the stay was actually expressed in the order. For this additional reason, we conclude that the case in question was not subject to dismissal on January 1, 1983. While a rule-215.1 dismissal is by operation of law and requires no affirmative act by the court or clerk, *Koss*, 300 N.W.2d at 157, a stay of "further proceedings" by this court under Iowa Rule of Appellate Procedure 2(b) will nevertheless prevent that dismissal from occurring.

II. *The Requirement of a Subsequent Notice of Dismissal.*

Another issue raised by Allied to avoid dismissal under rule 215.1 was that the clerk had failed to provide a second notice, in 1982, that the case would stand for dismissal if not tried or continued prior to January 1, 1983. Under our disposition in Division I, it is not necessary to address this issue, but we discuss it for guidance in future cases.

■ We have held that, if a continuance is granted on certain terms and those

terms are not met, a case subject to rule 215.1 will be dismissed by operation of law whether or not a subsequent "try or dismiss" notice had been sent. The reason is that the effect of the continuance was merely to hold the dismissal in suspension on certain conditions. When those conditions are not met, the dismissal is automatic. *See, e.g., Rhiner v. Arends,* 292 N.W.2d 399, 401 (Iowa 1980); *Brown v. District Court,* 272 N.W.2d 457, 458 (Iowa 1978). *See also* Note, *Iowa Rule 215.1—Mandatory Dismissal for Want of Prosecution—The Flexible Trap,* 23 Drake L.Rev. 158, 164, n. 62 (1973) ("A continuance pursuant to Rule 215.1 merely extends the mandatory dismissal date to the date stated in the order, and does not serve to abrogate the rule for the entire remainder of the year and compel a new notice after the next July 15.").

■ A case such as this, however, must be distinguished. If there is an appeal, or if other rule-215.1 grounds for exemption are established, rule 215.1 is inapplicable. Thus, there is no dismissal to hang in suspension over the case. In that situation, a notice under rule 215.1 must be sent anew after the grounds for exemption are removed. Here, where an appeal has prevented the application of rule 215.1, the statutory try-or-dismiss notice must be sent by the district court clerk after issuance of the procedendo.

### III. *The Discovery Issues.*

Shortly after our first opinion in this case, the defendant moved again to withdraw its answer in the district court. It contended that, because the case had not been rescheduled for trial, any prejudice to Allied which led Judge Jenkins to deny the earlier motion to withdraw no longer existed. The plaintiff Allied resisted the motion. After a hearing on the matter, Judge Vogel granted the motion to withdraw the admissions, reasoning that the grounds for Judge Jenkins' previous denial, the imminency of the trial, no longer existed.

■ In the original opinion in this case, we discussed the circumstances in which a party may withdraw or amend admissions. We said that such an application should be granted when (1) "the presentation of the merits of the action will be subserved thereby"; and (2) "the parties who obtained the admissions failed to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." We held that the decision rested in the trial court's discretion which would not be disturbed on appeal unless that discretion is abused. *Allied Gas & Chemical Co.,* 332 N.W.2d at 879. Applying this standard, we do not find that the district court abused its discretion in allowing the defendant to withdraw its admissions earlier made. We affirm on this issue.

### IV. *Attorneys Fees.*

Allied asserts as error the district court's refusal to grant a portion of its attorney's fees for the defense of Federated's unsuccessful interlocutory appeal on the issue of the withdrawal of its admissions.

■ The order allowing the withdrawals provided that

> on application and verification of costs and reasonable attorney's fees and opportunity for hearing thereon, reasonable costs and attorney's fees may be taxed in favor of counsel for plaintiff due to defendant's counsel's actions in this case due to all events surrounding plaintiff's Request for Admissions and following legal proceedings.

Plaintiff filed an application for attorneys fees, attaching an affidavit and exhibit showing what it believed to be the reasonable amount of attorneys fees in connection with all events surrounding the request for admissions, including the appeal. The order in connection with fees stated:

> After reviewing counsel's application for fees and resistance, this court finds that a fee of $1250 is reasonable and proper for expenses incurred and to reimburse counsel for plaintiff for those expenses incurred as the result of defendant's failure to admit but not including plaintiff's defense of the appeal to the supreme

court, the fees and allowances for which would not, in this court's opinion, allowable.

Allied argues that that part of the order which indicates that no expenses on the appeal would be allowable was error. Our reading of the quoted provision of the order indicates that perhaps the court did apply an erroneous legal standard. We believe that under rule 134, as incorporated by rule 127, a party may be granted reasonable attorneys fees in connection with the appeal as well as proceedings in the district court. We therefore remand the issue of the attorneys fees for the court to enter an order under the appropriate standard. We give no indication whether such fees should in fact be allowed.

We affirm the order of the district court insofar as it allowed withdrawal of the admissions but reverse on the order of dismissal under rule 215.1 and remand the case for reinstatement and for such order in connection with the reasonable attorneys fees as is appropriate under the guidelines of this opinion.

Costs shall be taxed one-half to each party.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.