Brian WILIMEK, Appellant,

v.

William DANKER, John Danker, and David Danker, Individually and d/b/a Danker Farms; Bob Johnson d/b/a Johnstown Welding; Unknown X and Funks–Ciba Geigy, Inc., a New York Corporation f/k/a Funk Seed International, Appellees.

No. 02–0271.

Supreme Court of Iowa.

Sept. 4, 2003.

R. Eugene Knopf of Walker, Knopf & Billingsley, Newton for appellant.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, and Timothy W. Hamann of Clark, Butler, Walsh & Hamann, Waterloo, for appellees William Danker, John Danker, David Danker and Bob Johnson.

Richard J. Sapp, John B. Tuffnell, and John T. Clendenin of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee Funks-Ciba Geigy, Inc.

CARTER, Justice.

Plaintiff, Brian W. Wilimek, was injured while unloading a truck for defendants, William Danker, John Danker, David Danker, and Danker Farms. He brought a tort action against his employers and other defendants seeking to recover for his injuries. He simultaneously pursued a

workers' compensation claim against his employers. After the tort action was set for trial, plaintiff requested a continuance and a stay of the action until certain issues in the workers' compensation proceeding were resolved. That stay was granted on May 7, 1993. Prior to the stay, the case had been removed from the automatic-dismissal sanctions of Iowa Rule of Civil Procedure 1.944 (formerly rule 215.1) in September of 1992, and this continued to be done by court order in each calendar year thereafter through calendar year 1999. No action was taken in calendar year 2000 to bring the case to trial or to remove it from the operation of the automatic-dismissal provisions contained in the last court order continuing the case through December 31, 2000.

On December 27, 2001, plaintiff filed a motion seeking removal of the case from the operation of rule 1.944. This resulted in a ruling that, because the case was not brought to trial during the calendar year 2000, it was automatically dismissed under the terms of the court order continuing it for trial on or before December 31, 2000. Plaintiff appealed this result, and his claims were rejected by the court of appeals. After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and the judgment of the district court.

On May 7, 1993, the plaintiff obtained an order staying further proceedings in this litigation until resolution of a proceeding pending before the Industrial Commissioner. At this time the tort action had already become subject to the try-or-dismiss provisions of rule 1.944. Application of that rule was triggered by a notice from the clerk on August 7, 1992. On September 24, 1992, the case was removed from the operation of that rule if tried during the following calendar year.

After the stay order was entered in May of 1993, motions to remove the case from the try-or-dismiss provisions of rule 1.944 were filed in September 1993, August 1994, September 1995, October 1996, December 1997, December 1998, and December 1999. All of these requests contained language indicating that "this case is subject to dismissal under rule 215.1 of the Rules of Civil Procedure."

Each of these requests was granted by a court order continuing the case for trial during the next calendar year. In response to the application filed on December 29, 1999, the court ordered:

> The above-entitled case is removed from the operation of Iowa Rule of Civil Procedure 215.1 and continued into the calendar year 2000, to be tried on or before December 31, 2000, *or said cause will stand dismissed.*

(Emphasis added.)

The action was not tried on or before December 31, 2000, and no action was taken in the calendar year 2000 to extend the time for the try-or-dismiss sanctions provided in the last court order. On December 21, 2001, plaintiff filed a motion stating that the workers' compensation case was concluded and requested that issues in the tort action not involved in the workers' compensation claim be set for trial. In response to this request, an ex parte order was granted again purporting to remove the case from the try-or-dismiss sanctions of the prior order. That order was later set aside as improvidently granted on motion of the defendant Funks–Ciba Geigy, Inc. The district court ruled in response to the latter motion that the case had been automatically dismissed on January 1, 2001, as a result of the failure to bring the action to trial during the calendar year 2000.

In seeking reinstatement of his action, plaintiff makes two arguments. First, he

urges that the stay order entered on May 7, 1993, prevented automatic dismissal of the case pursuant to rule 1.944. Second, he urges that the dismissal was improper because the clerk did not send out a try-or-dismiss order with respect to the case in August of 2000. We reject both of these contentions.

■■■■ With regard to the legal effect of the stay order, we agree that, if the action had been stayed and nothing further had transpired, it would be incorrect to automatically dismiss the case for failure to try it within a prescribed time. In *Allied Gas & Chemical Co. v. Federated Mutual Insurance Co.,* 365 N.W.2d 26, 30 (Iowa 1985), we held that, because the granting of an interlocutory appeal "shall stay further proceedings below," the case was not subject to dismissal under then-rule 215.1. When a stay is granted by a higher court or when state court proceedings are stayed by a federal court, the duration of the stay is beyond the determination of the court whose actions have been stayed. On the other hand, when a district court orders a stay of its own proceedings it is free to operate within that stay order as circumstances dictate. Any action by the court that is inconsistent with the stay is an informal modification of the order creating the stay.

■■■ In the present case, the several orders following the stay that required plaintiff to try his case within a prescribed period of time subject to penalty of dismissal were clearly orders the court had authority to enter. They were all entered at plaintiff's specific request. They were specific orders governing the status of plaintiff's action, and to the extent they contemplated trial of the case within a prescribed period, the orders constituted a modification of the stay order.

■■ With respect to plaintiff's contention that his case is not subject to dismissal because no try-or-dismiss order was sent by the clerk in the calendar year 2000, we have held that, if a continuance is granted on certain terms and those terms are not met, a case subject to rule 1.944 will be dismissed by operation of law whether or not a subsequent try-or-dismiss notice has been sent by the clerk. *Allied Gas,* 365 N.W.2d at 31; *Rhiner v. Arends,* 292 N.W.2d 399, 401 (Iowa 1980); *Brown v. Iowa Dist. Ct.,* 272 N.W.2d 457, 458 (Iowa 1978). We have stated the reason for this automatic dismissal as follows:

> [T]he effect of the continuance was merely to hold the dismissal in suspension on certain conditions. When those conditions are not met the dismissal is automatic.

*Allied Gas,* 365 N.W.2d at 31.

Plaintiff urges that automatic dismissal under these circumstances is a denial of due process of law as guaranteed by article I, section 9 of the Iowa Constitution. We perceive no violation of due process when the clearly stated provisions of an order issued at plaintiff's request are carried out.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**