**IN THE COURT OF APPEALS OF IOWA**

No. 14-1555
Filed October 12, 2016

**LEWIS ATCHISON,**
       Plaintiff-Appellant,

**vs.**

**LARAMIE G. SHAFFER,**
       Defendant-Appellee.
_____

       Appeal from the Iowa District Court for Story County, Michael J. Moon,

Judge.


       The plaintiff appeals from the district court's ruling it lacked authority to

reinstate his case. **AFFIRMED.**



       Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellant.

       Keith R.Tucker of Forsyth Law Office, Estherville, for appellee.


       Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Lewis Atchison appeals from the district court's ruling that it lacked authority to reinstate his case against Laramie Shaffer.

**I. Background Facts and Proceedings.**

On December 19, 2011, Atchison filed a suit against Shaffer, claiming Shaffer had caused him physical injury. Trial was originally scheduled to begin on May 21, 2013. Atchison obtained new counsel in the months leading up to trial, and his new counsel requested a continuance. It was granted, and the trial date was set for October 15th.

In July 2013, Atchison received a dismissal notice, pursuant to Iowa Rule of Civil Procedure 1.944. The notice advised that Atchison's case would be dismissed if it was not tried by January 1, 2014. Notwithstanding, on the eve of the October 15th trial date, Atchison requested another continuance. The court granted the request—noting that the grant had no effect "on the issue of automatic dismissal by the Clerk for failure to complete the trial in this matter in the period allowed by the timelines"—and the trial was reset for March 24, 2014.

On January 7, 2014, the clerk filed notice that Atchison's case was dismissed without prejudice on "01/07/2014" pursuant to rule 1.944.

On July 7, 2014, Atchison filed an application for reinstatement, pursuant to rule 1.944(6). The rule requires that the application be filed "within six months from the date of dismissal."

Shaffer resisted Atchison's application, and the district court held a hearing on the matter.

In its order, the court stated that Atchison's case had been automatically dismissed on January 1, 2014, so his July 7th application for reinstatement was time-barred for being outside the six-month window provided in rule 1.944(6). The court held it had "no authority" to reinstate the case and denied Atchison's request. Atchison appeals.

**II. Standard of Review.**

Questions of jurisdiction and authority are legal issues; we review them for correction of errors at law. *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1985).

**III. Discussion.**

On appeal, Atchison challenges the district court's ruling that his case was automatically dismissed on January 1st rather than on January 7th, as the order from the clerk stated. In the alternative, Atchison maintains his six months to file for reinstatement did not begin until he received notice of the dismissal.

Atchison's stance is at odds with current case law. In *Fankell v. Schober*, 350 N.W.2d 219, 222 (Iowa Ct. App. 1984), the court noted that dismissal under the rule (then rule 215.1) "is automatic, and needs no order of dismissal." *See, e.g.*, *Wilimek v. Danker*, 671 N.W.2d 25, 27 (Iowa 2003) (stating dismissals subject to rule 1.944 are automatic, and dismissal occurs by operation of law); *Brown v. Iowa Dist. Ct.*, 272 N.W.2d 457, 459 (Iowa 1978) ("We have also established that when the time for dismissal arrives, the case is dismissed automatically without formal action by either the court or the clerk. Failure to note the dismissal of record does not save the case."). As such, we agree with the district court that Atchison's case was automatically dismissed on January 1,

2014, notwithstanding the clerk's order stating that it was dismissed on January 7th.

Moreover, in *Fankell*, the court states, "The automatic dismissal date . . . is the date from which the six-month period is to be calculated in this case." 350 N.W.2d at 223. Once the six-month period has ended, "[t]he district court was without authority to reinstate the case." *Id.*

Insofar as Atchison asks us to overturn current case law or interpret rule 1.944 differently, we note that we are bound by supreme court precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

We find no error in the district court's ruling that Atchison's claim was automatically dismissed on January 1, 2014, and the six-month period to apply for reinstatement ended on July 1, 2014. As the district court ruled, it was without authority to reinstate his claim. We affirm.

**AFFIRMED.**