**IN THE COURT OF APPEALS OF IOWA**

No. 17-1466
Filed June 20, 2018

**TODD MORRIS,**
        Plaintiff-Appellant,

**vs.**

**STEFFES GROUP, INC.,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Marion County, Martha L. Mertz,

Judge.

        Todd Morris appeals from a finding that Iowa Code chapter 555A (2016) did

not apply to the auction services he purchased.  **AFFIRMED.**

        Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellant.

        Collin M. Davison of Heiny, McManigal, Duffy, Stambaugh & Anderson,

P.L.C., Mason City, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Todd Morris appeals the district court's granting of summary judgment in favor of Steffes Group, Inc. (Steffes). Morris argues the district court erred in finding Iowa Code chapter 555A (2016) did not apply to his purchase of auction services from Steffes. Morris also argues the district court erred in dismissing his petition as to all other theories. We agree with the district court that Iowa Code chapter 555A does not apply to these facts and conclude the district court did not err in dismissing Morris's petition in its entirety, without prejudice. Therefore, we affirm.

In February 2016, Morris attended a farm show in Des Moines, where he approached a sales representative for Steffes. Steffes provides farm auctions and other services related to the liquidation and management of agricultural assets. Morris briefly told the sales representative at the show that he had some equipment he may be interested in selling, and the two agreed to meet again to discuss using Steffes to sell Morris's equipment at auction. Morris left his contact information, and a few days later the sales representative visited Morris's home to gather information about the equipment. At this time, Morris's wife signed a form entitled, "Consignment Auction Contract" with Steffes to sell the equipment—including a tractor—at auction. Morris testified he used the tractor to "[p]lay around my farm, hunting purposes, food plots, [and] maintaining my house [and] property." Steffes sold the tractor and other equipment at auction on March 24.

Displeased with how the sale went, Morris filed suit under Iowa Code section 714H.3(2)(d), which provides a private right of action for a violation of Iowa Code chapter 555A. He claims Steffes conducts door-to-door sales of consumer

services under chapter 555A, and it failed to provide him with a written notice of cancellation and otherwise failed to notify him of his right to cancel the contract as required in chapter 555A. The district court found chapter 555A does not apply to the sale of auction services at issue, and it granted summary judgment in favor of Steffes and dismissed Morris's petition without prejudice. Morris does not assert that an issue of material fact exists so as to preclude summary judgement, only that the district court erred in determining Iowa Code chapter 555A does not apply to this situation. "We review summary judgment motions for corrections of errors at law." *Linn v. Montgomery*, 903 N.W.2d 337, 342 (Iowa 2017).

Iowa Code chapter 555A "imposes numerous requirements on door-to-door sales." *State ex rel. Miller v. Vertrue*, 834 N.W.2d 12, 21 (Iowa 2013).

> "Door-to-door sale" means a sale, lease, or rental of consumer goods or services with a purchase price of twenty-five dollars or more, whether under single or multiple contracts, in which the seller or the seller's representative personally solicits the sale, including those in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is made at a place other than the place of business of the seller.

Iowa Code § 555A.1(3)(a). "Consumer goods or services" are "goods or services purchased, leased, or rented primarily for personal, family, or household purposes." *Id.* § 555A.1(2).

After reviewing the record and arguments by both parties, we agree with the district court that Iowa Code chapter 555A does not apply to these facts. Steffes did not conduct a door-to-door sale of consumer goods or services, and we affirm the district court's decision without further opinion pursuant to Iowa Court Rule 21.26(1)(b), (d), and (e). Because chapter 555A does not apply here, we also find the district court did not err in dismissing Morris's petition without prejudice. *See*

*Windus v. Great Plains Gas*, 254 Iowa 114, 124, 116 N.W.2d 410, 415 (Iowa 1962) ("A dismissal without prejudice leave the parties as if no action had been instituted.").

**AFFIRMED.**