# IN THE SUPREME COURT OF IOWA

No. 22–1573

Submitted November 15, 2023—Filed February 9, 2024

**ALYSSA PRATT,**

Appellee,

vs.

**ADAM B. SMITH, M.D.; ADAM SMITH, M.D., P.C.;** and **TRI-STATE SPECIALISTS, L.L.P.,**

Appellants.

---

Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer, Judge.

The defendants in a surgical malpractice case sought interlocutory review from the district court's denial of a summary judgment motion. **VACATED AND REMANDED.**

Per curiam.

Jeff W. Wright and Zack A. Martin of Heidman Law Firm, P.L.L.C., Sioux City, for appellants.

Jon Specht of Trial Lawyers for Justice, Decorah, for appellee.

**PER CURIAM.**

This is one of five related appeals that have come before our court this term. All five appeals arose from suits brought by injured surgical patients. All five appeals involved claims against the same three defendants: a former surgeon named Adam Smith, M.D. (Dr. Smith); a professional corporation named Adam Smith, M.D., P.C. (Smith P.C.); and Tri-State Specialists, L.L.P. (Tri-State), a limited liability partnership that does business as a clinic.

In December, we issued opinions in two of those appeals: *Hilts v. Smith*, No. 22–1927, 2023 WL 8853039 (Iowa Dec. 22, 2023), and *Hummel v. Smith*, 999 N.W.2d 301 (Iowa 2023). Today, we resolve the last three appeals through our opinion in *Jorgensen v. Smith*, ___ N.W.3d ___ (Iowa 2024), and two per curiam opinions in *Pratt v. Smith*. This is one of the two *Pratt* opinions.

This appeal is unusual. It is the second of two interlocutory appeals, both before our court at the same time, both arising from the same district court case. The district court case started in August 2019 when Alyssa Pratt filed her petition against the three defendants mentioned above. In February 2022, the district court entered an order granting partial summary judgment as to some of Pratt's claims, namely, her negligent-retention claims against Smith P.C. and Tri-State. Pratt filed an application for interlocutory review. In June 2022, we granted the application, numbered the appeal 22–0403, and stayed the proceedings in the district court case. (We are resolving appeal 22–0403 through a separate unpublished opinion also filed today.)

Then, in August 2022, the district entered an order denying a second summary judgment motion filed by the defendants. The defendants then sought interlocutory review of that order. We granted the application and numbered the appeal 22–1573. This opinion resolves appeal 22–1573.

As mentioned above, our order granting the first interlocutory appeal (22–0403) stayed proceedings in the district court. Our stay should have halted proceedings in the district court, including proceedings concerning the second summary judgment motion. *Cf., e.g.*, *Allied Gas & Chem. Co. v. Federated Mut. Ins.*, 365 N.W.2d 26, 30 (Iowa 1985) (stay during interlocutory appeal prevented dismissal under then-rule of civil procedure 215.1). Accordingly, we vacate the district court's order addressing the second summary judgment motion.

**VACATED AND REMANDED.**

This opinion shall not be published.