## TOWNSEND v. WISNER.

1. **Practice:** REHEARING OF MOTION. A motion once overruled cannot be called up again for rehearing by the party who made it, until, upon proper notice to the other party, the order overruling it has been set aside.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, JANUARY 30.

ACTION upon covenants of warranty. Judgment was rendered for the plaintiff, and the defendant appeals.

*Porter & Albrook,* for appellant.

*Tom H. Milner,* for appellee.

ADAMS, J.—The defendant demurred to the plaintiff's petition. The plaintiff filed a motion to strike the demurrer from the files. The court, upon hearing, overruled the motion. Afterward the plaintiff called up the motion again for hearing, and the court sustained the motion, and ordered that the demurrer be stricken from the files, to which action of the court the defendant excepted. The case in that condition was referred to a referee. No answer was filed. A hearing was had before the referee, at which, however, the defendant did not appear. Some evidence was taken, and a report filed by the referee in favor of the plaintiff, which the court affirmed. Several questions are presented by the defendant,

Townsend v. Wisner.

but it will, we think, be necessary to consider but one, and that arises upon the action of the court in reference to the motion to strike the demurrer from the files. The motion to strike having been overruled, it appears to us that it was no longer pending, and was not subject to be called up again at the pleasure of the plaintiff, and reheard, so long as the order overruling it stood. The correct practice on the part of the plaintiff would have been, we think, to have filed a motion to set aside the order, setting out the grounds of the motion and serving a copy on the other side, if required to serve such copy by the rules or practice of the court. If the order had been set aside, the motion would again have been pending, to be disposed of in such way as the court should deem proper. If a motion which has been disposed of can be called up once by the unsuccessful party and be re-heard, as if no ruling had been made, it might more than once, and the result would be that motions passed upon might be deemed as always virtually pending, at least in the sense that they were subject to be re-heard at any time at the pleasure of the party who was last unsuccessful. If we are correct, the case strictly was pending on demurrer at the time it was referred. But in no view was it ripe for reference, the issues not having been formed. Code, § 2827.

The case is full of irregularities and complications. How far the appellant's counsel is responsible for them we need not determine. The questions necessarily involved in the outset were simple enough. If the case shall be tried again, it is to be hoped that those questions, and those alone, will arise for determination. The judgment of the circuit court must be reversed.

We ought, perhaps, to say that the appellee has filed a motion and amended abstract, assailing the record upon the ground that no bill of exceptions was filed.

The question above determined arises upon the record without a bill of exceptions.

REVERSED.