The Chicago, Iowa & Dakota R'y Co. v. Estes et al.

---

THE CHICAGO, IOWA & DAKOTA R'Y CO. v. ESTES ET AL.

1. **Agency:** FACTS NOT AMOUNTING TO: CONTRACT FOR RIGHT OF WAY. The plaintiff being about to build its railroad through a certain town, many of the owners of land crossed by the road were disposed to donate the right of way; and some of them, not, however, being agents of the company, visited the defendant, and sought to have her donate the right of way over her land, which she stated to them she would do, but she did not constitute them her agents to tender the right of way to the company. *Held* that a tender by them of the right of way did not bind her, nor prevent her from afterwards recovering compensation, by condemnation proceedings, for the damages to her land.

71 603
115 382

71 603
117 286

71 603
120 706

71 603
143 185

2. **Procedure**: SETTING ASIDE ORDER: NOTICE. Where a motion to change the record by setting aside an order is made, the party adversely interested should have notice; (*Townsend v. Wisner*, 62 Iowa, 672;) but when the adverse counsel appear in the case, and are heard upon the merits, the failure to give such notice is immaterial.

3. ———: INJUNCTION: DISMISSAL AFTER ADVERSE DETERMINATION. The plaintiff in an injunction suit ought not to be allowed to have it dismissed after it has been tried, submitted, and virtually determined adversely to him.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, JUNE 8.

THIS action was brought by the Chicago, Iowa & Dakota Railway Company, appellant, for an injunction to restrain the defendants from interfering with the plaintiff's alleged right of way, and also to restrain them from prosecuting proceedings for the assessment of damages under the statute. The court dismissed the plaintiff's petition, and rendered judgment in favor of the defendants for costs. The plaintiff appeals.

*John Porter* and *Weaver & Baker*, for appellant.

*M. W. Anderson* and *Nagle & Birdsall*, for appellees.

ADAMS, CH. J.—The defendant, Sarah M. Estes, was the owner of certain land adjacent to the town of Iowa Falls,

1. AGENCY: facts not amounting to: contract for right of way.

through which the plaintiff desired to construct its road. Other land owners in the neighborhood, mostly citizens of Iowa Falls, felt disposed to donate to the company a right of way through their lands. Some of them felt anxious that the defendant, Mrs. Estes, should donate a right of way through her land. Two of the citizens, acting for themselves, and claiming to act as a committee of others, visited Mrs. Estes to ascertain what she would do. According to their testimony, she said that she would donate a right of way, but greatly wished that the company would run north of her barn. According to her testimony, she said that she would donate a right of way if

the company would run north of her barn. The fact seems to be that the company ran south of her barn. We do not feel called upon to determine what she said. The persons who visited her were neither her agents, nor those of the company. It is not, indeed, we think, claimed that any contract arose at the time they visited her. One of them, however, testified that he afterwards called upon the company, and tendered the ground in question to the company. This, we understand, is relied upon as constituting the contract; but we do not think that it can be so considered. The alleged tender could, at most, be a mere communication to the company of what had been said by Mrs. Estes. But that was not a communication to the company having the force of an offer, unless the person making the communication was authorized to represent Mrs. Estes in the matter, and there is no evidence that he was. It may be that Mrs. Estes presumed that her words would be communicated to the company. But she had a right to assume that no contract could arise between her and the company until she sent an agent to the company, or the company to her, who had the power to treat in the matter, to the end that her rights might be fully protected, and nothing left to misconstruction as to the location of the road or otherwise. In our opinion, the evidence did not show that the plaintiff acquired the right of way in question.

It is contended by the plaintiff that at the time the court dismissed its petition, and rendered judgment on the merits for the defendants, the action had been withdrawn by the plaintiff. The facts appear to be that the case was tried and submitted and held under advisement from one term to the next. The court then announced the conclusion at which it had arrived, which was adverse to the plaintiff. Thereupon the plaintiff asked leave to withdraw the action without prejudice, which was granted, and an order was entered accordingly. Afterwards the defendants moved to set aside the order, and reinstate

2. PROCEDURE: setting aside order: notice.

the case, and for a decree on the merits. The court over-ruled the motion, but afterwards, upon the motion being renewed, the court sustained it. All this was done at the same term. No formal notice of the renewal of the defendants' motion appears to have been served upon the plaintiff or its counsel. The plaintiff assigns the action of the court in this respect as error. The court has control of its records during the term, and may, for good cause shown, change an order made during the term. Where a motion to change the record by setting aside an order is made, the party adversely interested should have notice, (*Townsend v. Wisner*, 62 Iowa, 672,) but when the counsel, as in this case, appear to the motion, and are heard, and no prejudice results from a want of formal notice, it does not appear to us that such notice is necessary. The case having been fully tried, submitted, and virtually determined, we think that the court should have refused leave to withdraw, and that the court was not in error in sustaining the defendants' motion afterwards for the reinstatement of the case, and the rendition of a decree.

3. ———: in-junction: dismissal after adverse determination.

AFFIRMED.