Hubert Gene DOUGLAS, Virginia Douglas, and Allstate Insurance Company, a corporation, Appellants,

v.

UNION CARBIDE CORPORATION, a corporation, Appellee.

No. 8728.

United States Court of Appeals Fourth Circuit.

Argued Oct. 11, 1962.

Decided Dec. 7, 1962.

John S. Haight, Charleston, W. Va., and John H. Reed, Jr., So. Charleston, W. Va. (Robert H. C. Kay, Charleston, W. Va., on brief), for appellants.

J. Campbell Palmer, III, Charleston, W. Va., for appellee.

Before SOPER and BOREMAN, Circuit Judges, and WINTER, District Judge.

BOREMAN, Circuit Judge.

The appellants, plaintiffs below, seek to prosecute an appeal from an order of the United States District Court for the Southern District of West Virginia setting aside jury verdicts in their favor and granting the defendant, Union Carbide Corporation, a new trial. At a first trial of this negligence action the jury failed to agree. A second jury trial resulted in a verdict in favor of Hubert Gene Douglas for $30,400 and a verdict in favor of Allstate Insurance Company for $1,468.26. The clerk noted in the Civil Docket the filing of the verdicts but no formal judgment upon the verdicts was ordered by the court or entered by the clerk. On May 26, 1960, immediately following the return of the verdicts and the discharge of the jury, counsel for the defendant made an oral motion before the court which was taken

by the reporter in shorthand notes and which appears in the stenographic transcript of the trial as follows: "The defendant moves to set aside the verdict and grant it a new trial and moves for directed judgment notwithstanding the verdict. I am asking the Court until June 2nd to assign grounds in support of its motion." This oral motion was made in the presence of counsel for the plaintiffs.

On June 1, 1960, counsel for the defendant served on plaintiffs' counsel and filed with the District Court a document entitled "Grounds in Support of Motion for a New Trial." The opening paragraph thereof is as follows: "The defendant, at the conclusion of trial, having made a motion for judgment N.O.V., or in the alternative, to set aside the verdict and award the defendants a new trial, sets forth its grounds in support of said alternative motions, as follows: * * *." This eight-page document assigned twelve principal grounds in support of the motions.

In a letter to all counsel dated June 2, 1960, the court expressed the opinion that a proper motion had been made to set aside the verdicts and grant a new trial and advised counsel that a hearing of the matters arising on the motion would be held on June 13, 1960. At the hearing the court requested the defendant's counsel to serve and file these motions in writing and, there being no objection by plaintiffs' counsel, written motions were accordingly served and filed on June 17, 1960.

The court granted time for the transcription of certain portions of the testimony and for the filing of briefs. On June 15, 1961, the court addressed a letter to all counsel, which letter was filed and made part of the record. The District Court determined that judgment n. o. v. should be denied but that the verdicts of the jury should be set aside and the defendant awarded a new trial. However, it does not appear from the record that any further proceedings were had in the case until a formal order was entered on April 11, 1962. We are not advised as to the reason for this delay.

 On April 11, 1962, counsel for plaintiffs filed a written motion for entry of judgment as of May 26, 1960, upon the jury verdicts, and further moved to strike from the record "all other acts or actions, written or oral, filed in this action." By formal order of the same date, these motions and the defendant's motion for judgment n. o. v. were denied, the jury verdicts were set aside and the defendant was awarded a new trial. Plaintiffs here contend that the motion for a new trial was not timely made pursuant to Rule 59(b) of the Federal Rules of Civil Procedure which provides: "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." We find no merit in this contention for the reasons hereinafter stated.

The wording of Rule 59(b) was designed to be broad enough to permit the motion to be made both before and after the entry of judgment.[1] No judgments upon the verdicts were actually entered at any time, notwithstanding the requirement of Rule 58 Fed.R.Civ.P.[2] that judgment upon a verdict shall be forthwith entered by the clerk. On June 15, 1961, counsel for plaintiffs were advised of the court's decision to grant defendant's motion to set aside the verdicts and award a new trial. No objection was made and no question as to the timeliness of the defendant's motion was raised until approximately nine months later when plaintiffs' counsel moved the court for entry of judgments as of May 26, 1960. However, had the clerk entered judgments on the verdicts on the day they were returned, we think the defendant's motion to set aside the verdicts and grant a new trial was timely made and was in

---

1. 6 Moore, Federal Practice ¶ 59.09 [1], at 3844 (2d ed. 1953).

2. Rule 58 Fed.R.Civ.P. provides in pertinent part: "Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk; * * *."

substantial compliance with the pertinent Federal Rules of Civil Procedure.

Rule 7(b), which deals with motions generally, determines the proper manner of making a motion for a new trial. That rule provides: "Unless made during a hearing or trial," the motion must be in writing and must state with particularity the grounds therefor and the relief or order sought. A motion made immediately upon the pronouncement of the verdict is made "during" the trial. See 6 Moore, Federal Practice, ¶ 59.09 [1], at 3845 (2d ed. 1953). Here the oral motion was made following the rendition of the verdict and at the conclusion of the trial on May 26, 1960. It is true that the grounds for the motion were not then assigned. However, on June 1, 1960, in a written instrument which contained a reference to the oral motion of the defendant, grounds for the motion were stated with particularity, the instrument was served on plaintiffs' counsel and filed with the clerk, all not later than ten days after the time judgments on the verdicts should have been entered by the clerk.

In Witt v. Merrill, 208 F.2d 285, 286 (4th Cir., 1953), this court said:

"We think that so far as the requirement of writing is concerned, it is sufficient that the motion [for a new trial] was made in open court and entered upon the record immediately following the rendition of the verdict."

\* \* \* \* \* \*

"The liberal Rules of Civil Procedure must not be transformed by judicial interpretation into technical traps for the unwary."

Under the circumstances, we conclude that the District Court had jurisdiction to entertain and dispose of the motion to set aside the verdicts and grant a new trial.

We now are concerned with another question in connection with this appeal which was not raised before us. 28 U.S.C. § 1291 states, in pertinent part: "The courts of appeals shall have jurisdiction of appeals from all *final decisions* of the district courts \* \* \*." (Emphasis supplied.) It is well settled that an order for a new trial is not a final judgment from which an appeal may be taken. Tsoleas v. Hege, 250 F.2d 127 (4th Cir., 1957); Atlantic Coast Line R. R. v. Sonenshine, 226 F.2d 220 (4th Cir., 1955); Southern Ry. Co. v. Madden, 224 F.2d 320 (4th Cir., 1955). Even though the jurisdiction of this court has not been challenged by motion to dismiss this appeal, we will inquire into the matter of our jurisdiction to entertain it. Thompson v. United States, 250 F.2d 43 (4th Cir., 1957); Flynn & Emrich Co. v. Greenwood, 242 F.2d 737 (4th Cir., 1957), cert. denied 353 U.S. 976, 77 S.Ct. 1060, 1 L.Ed.2d 1137; Western Contracting Corp. v. National Surety Corp., 163 F.2d 456 (4th Cir., 1947).

Since it is clear that no final judgment has been entered by the District Court from which an appeal will lie, this appeal will be dismissed.

Appeal dismissed.