**Larry SCHIMEROWSKI, Appellee,**

**v.**

**IOWA BEEF PACKERS, INC., Appellant,**

**Paul D. Shook et al., Intervenors.**

**No. 53380.**

Supreme Court of Iowa.

April 13, 1972.

552

P. L. Nymann, Dakota City, Neb., for appellant.

Lee J. Farnsworth, Denison, and Morris C. Hurd, Ida Grove, for appellees.

REYNOLDSON, Justice.

Plaintiff, former employee of defendant packing company, filed petition for overtime pay, liquidated damages and attorney fees under the Fair Labor Standards Act [29 U.S.C. §§ 201–219 (1938) as amended] for time spent in sharpening knives and changing clothes. Two other former employees and a current employee intervened, filing substantially similar petitions requesting like relief. Upon trial to the court, judgments were entered for plaintiff and each intervenor, in lesser sums than demanded in the petitions. Defendant appeals and we affirm.

I. Defendant asserts the petition should have been dismissed under rule 215.1, Rules of Civil Procedure. On July 15, 1966, the clerk of court gave notice this case (filed May 6, 1965) would be subject to dismissal if not tried at the next term commencing after August 15, 1966. The next term commenced September 6, 1966 and terminated October 31, 1966.

October 20, 1966, plaintiff and intervenors filed motion for continuance to the November term, alleging defendant had not complied with a pre-trial order to produce certain pay records. On the same date trial court set the motion for hearing on October 31, 1966 and provided for three days' mailed notice to defendant's counsel. The latter filed written resistance. The record does not disclose any ruling on this motion. Trial commenced in the November term on January 9, 1967. When court convened, defendant renewed its resistance to the motion for continuance and demanded the case be dismissed under rule 215.1, R.C.P. Trial court, in its decision on the main case, noted the litigation had been set for trial on prior occasions, and that in proceeding to trial it had in effect sustained the motion.

At all times pertinent to this cause, rule 215.1, R.C.P. provided in part, "All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at the next term commencing after August 15 of said year." At that time the present last paragraph of the rule had been added which permits reinstatement of a dismissed cause upon application (filed within six months) alleging grounds of oversight, mistake or other reasonable cause. 61st General Assembly Chapter 487, Section 2 (1965).

Plaintiff and intervenors caused their continuance motion to be submitted during the dismissal term. Defendant is unable to indicate what further these claimants could have done to obtain the required ruling. In Anderson v. National By-Products, Inc., 257 Iowa 921, 135 N.W.2d 602 (1965) we held where motion for continuance was filed during the dismissal term, trial court retained jurisdiction to hear and rule on the motion on the second day of the succeeding term. That decision was quoted with approval in Laffoon v. McCombs, 261 Iowa 341, 154 N.W.2d 68 (1967).

■ We now hold where a motion for continuance is filed and submitted on notice before the rule 215.1 deadline for trial, continuance or dismissal, jurisdiction is retained by trial court while it has such motion under advisement. Of course, if under such circumstances the motion is overruled, the result to plaintiff's cause may be fatal.

In the case before us, had trial court overruled the continuance motion, plaintiff and intervenors might have filed application to reinstate. See Johnson v. Linquist, 184 N.W.2d 681 (Iowa 1971). Under the reasoning set out in trial court's decision, such application would have been granted. The result to defendant would have been the same.

II. Defendant further contends intervenors did not properly intervene, were not proper parties and therefore could not recover.

Plaintiff's petition alleged,

"3. This action arises under the Fair Labor Standards Act (U.S.C. Title 29, Sections 201–219) hereinafter referred to as the Act, and is brought by the Plaintiff on behalf of himself and other employees and former employees of the Defendant who are similarly situated and who care to intervene to recover unpaid wages * * *."

The three petitions of intervention were filed the same month and before defendant answered plaintiff's petition. In answering the above quoted paragraph 3 of plaintiff's petition, defendant stated:

"3. Defendant admits that the action is brought for the purposes stated in paragraph 3, but denies the remaining allegations of paragraph 3."

Defendant filed answer to each petition of intervention and affirmatively alleged, "* * * defendant states that said intervenor has not properly intervened, is not entitled to intervene, and has not properly become a party plaintiff to this action." On appeal defendant argues intervenors are not persons "interested" in the subject matter of the litigation as required by rule 75, R.C.P.

We need not now decide whether defendant, who admitted the broad purpose of plaintiff's petition and who failed to raise the lack of "interest" issue in its answer, may now rely on this defense.

■ The federal act constituting the basis for these petitions provides in part,

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b)

The right of action created by this legislation is enforceable in federal court and also in state courts of competent jurisdiction. Kemp v. Day & Zimmerman, Inc., 239 Iowa 829, 33 N.W.2d 569 (1948); John-

son v. Butler Bros., 162 F.2d 87 (8 Cir. 1947); Smith v. Day & Zimmerman, 65 F.Supp. 209 (S.D. Iowa 1946). The right of action created is not a true class action under rule 23, Federal Rules of Civil Procedure, but is a permissive joinder device where the presence of numerous persons interested in the common question of law or fact warrants its use to avoid multiplicity of suits. Pentland v. Dravo Corporation, 152 F.2d 851 (3 Cir. 1945); Fowkes v. Dravo Corporation, 62 F.Supp. 361 (E.D. Pa.1945) amended on other grounds 75 F. Supp. 514 (E.D.Pa.1946); · Fink v. Oliver Iron Mining Co., 65 F.Supp. 316 (D.Minn. 1941).

■ The question here presented does not arise in federal court because § 216(b) of the Fair Labor Standards Act provides other employees may become party plaintiffs by written consent filed in the court where the action is pending. On the other hand, state courts have generally held that even though federal law creates the right, all matters of practice and procedure are to be controlled by law of the state in which the action is instituted and the remedy sought. Niehaus v. Joseph Greenspon's Son Pipe Corporation, 237 Mo.App. 112, 164 S.W.2d 180 (1942); Archer v. Musick, 147 Neb. 1018, 25 N.W.2d 908 (1947).

■ Pertinent, then, is rule 75, R.C. P. governing interventions in ·Iowa. We have said the test of right of intervention is "interest," not necessity, and neither desire, advantage nor disadvantage of plaintiff or defendant is controlling. Price v. King, 255 Iowa 314, 122 N.W.2d 318 (1963). We have held this rule is remedial and should be liberally construed to reduce litigation and expeditiously determine matters before the court. Peters v. Lyons, 168 N.W.2d 759 (Iowa 1969); Town of Mechanicsville v. State Appeal Board, 253 Iowa 517, 111 N.W.2d 317 (1961).

■ In this case intervenors plainly could have been proper plaintiffs in the petition filed only a few days before they intervened. The matter arose out of the same employment situation and involved common questions of law and . fact. Rule 23, R.C.P. The same attorney represented both plaintiff and intervenors. Plaintiff made no objection to the intervention. Defendant does not suggest how it was prejudiced by this procedure. Had the cases been filed as separate causes, doubtless there would have been a consolidation for trial. Rule 185, R.C.P. The factual recital in Kemp v. Day & Zimmerman, Inc., 239 Iowa 829, 33 N.W.2d 569 (1948) indicates identical intervention although apparently this issue was not there. raised.

Under these circumstances, and at this stage of the litigation, we elect not to reverse where technical violation of rule 75, if any, prejudiced neither party.

■ III. Defendant asserts plaintiff and intervenors did not carry their burden of proof by showing through competent evidence the actual number of hours spent in knife sharpening. (Trial court found time spent in changing clothes was not compensable, and there is no appeal from that holding.) This was an ordinary proceeding tried to the court. See Thompson v. Iowa Beef Packers, Inc., 185 N.W.2d 738 (Iowa 1971). Trial court's findings of fact, if supported by substantial evidence, are binding on us. Rule 344(f) (1), R.C.P. While on the record we may have reached a different result, there was substantial competent evidence to sustain trial court's findings. We hold this assignment of error to be without merit.

■ IV. Nor is the claim of plaintiff and intervenors defeated by the concept of de minimis non curat lex (the law ignores trifling matters), as contended by defendant. There was substantial evidence in the record to show these employees were required to furnish and sharpen their own knives. A sharp knife was essential for assembly-line efficiency, minimal meat damage, and employee safety. Testimony indicated a minimum of 15 minutes each morning, prior to regular work, was spent

by plaintiff and intervenors in sharpening their knives on a grinding wheel furnished by defendant. The verdicts here, though for less than the sums prayed for, range from $248.04 to $508.44. These amounts indicate periods of time falling outside the *de minimis* rule. After the Portal-to-Portal Act [29 U.S.C. § 251 et seq. (1947)] eliminated employer liability to pay for time spent in "activities which are preliminary to or postliminary to said principal activity or activities" [29 U.S.C. § 254(a) (2)] certain activities were held not compensable. Mitchell v. Southeastern Carbon Paper Company, 228 F.2d 934 (5 Cir. 1955) (washing); Ciemnoczolowski v. Q. O. Ordnance Corp., 119 F.Supp. 793 (D.Neb. 1954), aff'd. 228 F.2d 929 (8 Cir. 1955) (changing clothes). Even where the Portal-to-Portal Act did not bar the action, complaints have been dismissed where time claimed was insignificant. Smith v. Cleveland Pneumatic Tool Co., 173 F.2d 775 (6 Cir.1949); Frank v. Wilson & Co., 172 F.2d 712 (7 Cir. 1949), cert. den. 337 U.S. 918, 69 S.Ct. 1159, 93 L.Ed. 1727 (1949).

But in a case factually similar to this case, the United States Supreme Court held knife-grinding time compensable. Mitchell v. King Packing Company, 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282 (1956). That court held such activity an integral and indispensable part of the principal activity for which the covered workmen were employed, and not excluded by the Portal-to-Portal Act. While the opinion does not squarely confront the de minimis doctrine, its language persuasively impels us to find that rule not applicable in this cause. See also D A & S Oil Well Servicing, Inc. v. Mitchell, 262 F.2d 552 (10 Cir. 1958).

V. Defendant claims a settlement binding these claimants was negotiated with a union representing its employees. The only written evidence relating to this "settlement" consists of an exchange of correspondence between defendant and Associated Employees Organization. By letter dated March 15, 1965 from the union to defendant, an itemization of certain job classifications was introduced by this language:

"It is agreed the following classifications are included in the settlement of our negotiations covering knife sharpening and related matters. It is further provided these classifications shall be paid at the rate of 45 minutes straight time per week for work performed back to and including March 8, 1963."

Defendant's reply to the union simply confirms this arrangement.

The basic union contract between defendant and Associated Employees Organization, introduced into evidence, was effective February 12, 1965. Article XX outlines the "grievance procedure." "Step I" plainly shows the employee initiates the procedure:

"The employee involved, with a Union representative if he so desires, shall present the matter to his immediate supervisor in the department affected within ten (10) days of the knowledge of the incident."

There follows other procedural steps culminating in arbitration if agreement is not reached.

Defendant's brief concedes the general rule that liability for the full compensation required by the Fair Labor Standards Act may not be avoided by waiver, estoppel, release, settlement, or accord and satisfaction. 56 C.J.S., Master and Servant § 151(35) pp. 736–739; 51B C.J.S., Labor Relations § 1168, pp. 666–669.

We need not reach that point, however, for here defendant's proof is wholly inadequate to support the defense urged. Claimants Schimerowski, Brandt and Kloewer are not shown to have belonged to Associated Employees Organization. Their employment with defendant terminated before the effective date of the union contract. Intervenor Shook testified he never authorized any union official to negotiate for him. The union rep-

resentatives who testified confirmed no employee asked them to "grieve" with respect to hours worked. The mandatory requirements of the union contract providing the employee must initiate the procedure were ignored. It cannot be said the union was Shook's agent in negotiating any adjustment, or that he was bound by that action. There was no proof any of these claimants were included within the covered job classifications itemized in the correspondence above referred to, except Schimerowski, who for an unspecified period worked on "high trim." Lastly, the record is devoid of evidence indicating plaintiff and intervenors or any of them knew of the "settlement," ratified it, or received any additional pay under its terms.

We hold defendant's liability to these claimants is not avoided by the alleged "settlement."

VI. Finally, defendant contends this action was premature, claimants having failed to exhaust the grievance procedures under the "collective bargaining agreement" (union contract). Defendant acknowledged this court recently took the opposite view in Thompson v. Iowa Beef Packers, Inc., 185 N.W.2d 738 (Iowa 1971). Because petition for writ of certiorari had been filed in the United States Supreme Court in that case, all parties here agreed this opinion should await outcome of that appeal. On February 29, 1972, the Supreme Court by per curiam opinion dismissed the writ of certiorari as improvidently granted. Iowa Beef Packers v. Thompson, 405 U.S. 228, 92 S.Ct. 859, 31 L.Ed.2d 165 (1972). Thus our own holding in the Thompson case remains the applicable rule. These claimants were not required to attempt contract arbitration before filing suit for overtime compensation under the Fair Labor Standards Act.

Affirmed.

All Justices concur, except RAWLINGS and HARRIS, JJ., who take no part.