**Montica Rae FANKELL, Plaintiff-Appellant,**

v.

**Norman E. SCHOBER and Ardella Schober, d/b/a Billy's Shoreline Motel, and State of Iowa, Defendants-Appellees.**

**No. 83–411.**

Court of Appeals of Iowa.

April 24, 1984.

As Corrected May 1, 1984.

220

Kermit L. Dunahoo, Des Moines, for plaintiff-appellant.

Jon S. Scoles and Warren L. DeVries, Mason City, for defendants-appellees Schobers.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SCHLEGEL, Judge.

The plaintiff, Montica Rae Fankell, appeals from the trial court's refusal to reinstate this tort action which was dismissed for want of prosecution pursuant to Iowa Rule of Civil Procedure 215.1. Initially, we are faced with the question of whether the defendants are required to cross-appeal the trial court's finding that the motion to reinstate was timely filed, in order to urge that ground in support of the trial court's favorable determination refusing to reinstate the action. Then we must determine whether the plaintiff's motion to reinstate under Iowa Rule of Civil Procedure 215.1 was, in fact, timely filed. We hold that it is not proper to cross-appeal from a favorable judgment in order to urge a ground on appeal previously rejected by the trial court where that unfavorable determination is not prejudicial. We also hold that the plaintiff's motion to reinstate was not timely filed.

I. The defendants, in a special appearance and resistance to the plaintiff's motion to reinstate, urged that the "MOTION TO REINSTATE" was untimely because it was filed over six months after the automatic dismissal of the action, and that, even if the motion was timely, it should be dismissed on the merits. The trial court found the motion to be timely but dismissed the action on the merits. Defendants, in their appellees' brief, continue to urge both the timeliness of the motion and the merits of the action in support of the trial court's judgment. Plaintiff asserts, however, that in order for the defendants to raise the issue on appeal in support of the trial court's judgment, they must file and prosecute a cross-appeal. We disagree.

A party may not appeal from a finding or conclusion of law not prejudicial, no matter how erroneous, unless the judgment itself is adverse. *Wassom v. Sac County Fair Association,* 313 N.W.2d 548, 550 (Iowa 1981). This rule also applies to cross-appeals. *See Benson v. Chase Grain Storage Co.,* 246 Iowa 591, 600, 67 N.W.2d 433, 438 (1954). Where an appeal does not lie, this court may dismiss it on its own motion even if the original appealing party does not move to dismiss the cross-appeal. *Id.* at 600, 67 N.W.2d at 438. Defendants had no right to cross-appeal the trial court's adverse conclusion that the motion to reinstate was timely filed because the judgment was favorable to them. Accordingly, those grounds were properly urged in their appellees' brief. The issue of timeliness, therefore, is properly before us.

II. Plaintiff's tort action had been continued in avoidance of dismissal under Iowa Rule of Civil Procedure 215.1, and was subject to dismissal if not tried before July 1, 1982. On or about June 22, 1982, counsel for plaintiff filed an application which, for purposes of this appeal, has been considered a motion for continuance to avoid dismissal under the rule. The court denied that application by a ruling filed on July 28, 1982, and the matter stood dismissed. On January 19, 1983, plaintiff filed a motion to reinstate the case under the rule.

Rule 215.1 provides that all cases that have been on file for more than one year as of July 15 of any year are subject to dismissal as of January 1 of the next year, unless they are tried or continued. The last paragraph of that rule states:

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

The trial court denied plaintiff's motion to reinstate by order filed on February 22, 1983. It is from this order that plaintiff appeals. Plaintiff asserts that reinstate-

ment of the case was mandatory under the above-quoted portion of rule 215.1, because the record shows that the dismissal was the result of mistake, in that plaintiff's counsel had mistakenly believed that counsel for defendant would agree to a further continuance. Plaintiff further claims through her appellate counsel (different from trial counsel) that if the reinstatement is not mandatory, the court should have exercised its discretion to reinstate the case because it had not been abandoned.

■ The purpose of Iowa Rule of Civil Procedure 215.1 has been clearly set out in the Iowa case law:

The list of [Iowa] cases interpreting rule 215.1 is not long. Principles are clear and well understood. It is in the public interest that cases not tried or settled within a reasonable time should be dismissed. Whatever hardship might be suffered by an occasional litigant whose suit is thus lost is more than compensated by the general good that results from the impetus provided by the rule.

*Greene v. Tri-County Community School District*, 315 N.W.2d 779, 781 (Iowa 1982). The Iowa Supreme Court has also held that dismissal under rule 215.1 is automatic, and needs no order of dismissal. *Id.* at 781; *Brown v. Iowa District Court for Polk County*, 272 N.W.2d 457, 459 (Iowa 1978).

The trial court held that the situation in this case was distinguishable from the situation in *Brown* and in *Baty v. City of West Des Moines*, 259 Iowa 1017, 147 N.W.2d 204 (1966). The court held that because a motion for continuance was on file the case was not automatically dismissed on July 1. Therefore, the January 19, 1983, motion for reinstatement was within six months of the July 28 court order denying the continuance. Our review of the trial court's ruling denying reinstatement under rule 215.1 is governed by the case of *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972), and the principles stated therein. It is unnecessary for us to set out those principles here.

■ A. It is the duty of the party desiring the court to retain jurisdiction of her action at the end of the "try or dismiss"

term to file a timely application and secure a court order continuing the case to a future term or date. *Baty v. City of West Des Moines*, 259 Iowa at 1023, 147 N.W.2d at 208. Unless the trial court's jurisdiction is preserved under the rule, the court cannot do anything but dismiss the case. *Id.* at 1023–24, 147 N.W.2d at 208–09.

Plaintiff asserts on appeal that the time for calculating the six-month period runs from July 28, 1982, when the court denied her motion for a continuance. Plaintiff relies upon the supreme court's decision in *Schimerowski v. Iowa Beef Packers, Inc.*, 196 N.W.2d 551 (Iowa 1972), as authority for her position that the six-month period for filing a motion for reinstatement runs from the date *after* the "try or dismiss" deadline that the court rules on her motion for continuance.

■ Plaintiff's reliance upon *Schimerowski*, however, is misplaced. That case holds, as quoted by the trial court, as follows:

We now hold where a motion for continuance is filed and *submitted on notice* before the rule 215.1 deadline for trial, continuance or dismissal, jurisdiction is retained by trial court *while it has such motion under advisement.*

*Id.* at 554 (emphasis supplied). *Schimerowski* does not hold that the mere filing of a motion for continuance before the deadline stays the dismissal of the case. To so hold would thwart the purpose of the rule, namely, to "[E]xpedite the trial of cases brought to court." *Talbot v. Talbot*, 255 Iowa 337, 341, 122 N.W.2d 456, 458 (1963). The simple filing of a motion for continuance would, in plaintiff's view, avoid the dismissal provided for in the rule. The court in *Schimerowski* spoke of a motion for continuance that had been *submitted* to the court, and which the court had *under advisement.* Though there is evidence in the record of this case that the plaintiff requested the court administrator to schedule the motion for continuance to be heard prior to the "try or dismiss" deadline, such was not done. The matter was neither

submitted nor taken under advisement by the court prior to the July 1, 1982, dismissal date. *See* Iowa Rule of Civil Procedure 117. We believe that in order for the trial court to retain jurisdiction to rule on a motion for continuance after the "try or dismiss" deadline, the motion must be filed and submitted on notice before the deadline, and taken under advisement by the court.[1]

The court, therefore, did not have jurisdiction to enter the July 28, 1982, order. The record in this case demonstrates only that the motion for continuance was filed. The automatic dismissal date of July 1, 1982, is the date from which the six-month period is to be calculated in this case.

■ B. Moreover, assuming arguendo the court retained jurisdiction to enter the July 28, 1982, order, we believe that because the continuance was denied the dismissal date remains July 1, 1982. The court in *Schimerowski* continued on to say, after the above-quoted language, that "... if under such circumstances the motion is overruled, the result to plaintiff's cause may be fatal." *Schimerowski v. Iowa Beef Packers, Inc.,* 196 N.W.2d at 554. We believe this statement, in conjunction with the supreme court's holding in other cases that the dismissal under rule 215.1 is automatic, indicates that although a court may retain jurisdiction to rule on a motion for continuance beyond the "try or dismiss" deadline, it does not thereby change the date when such action will be considered automatically dismissed under rule 215.1. The ruling on the motion for continuance does not extend the time for filing a motion for reinstatement. To hold otherwise would create an unintended method of delay in the operation of rule 215.1 by allowing a party to stay the dismissal by simply filing a motion for continuance prior to the deadline. *See Brown v. Iowa District Court for Polk County,* 272 N.W.2d at 458 (a case may not be continued after a 215.1 notice has been given without an order of court upon application and notice).

■ We have determined the trial court did not retain jurisdiction to rule upon the motion for continuance, and that, even if it did retain jurisdiction, the dismissal date is not thereby extended. Therefore, the starting date in this case for calculating the six-month period in which a motion for reinstatement could have been filed was July 1, 1982. As a result, the plaintiff's motion for reinstatement filed on January 19, 1983, was not timely. The district court was without authority to reinstate the case. *Koss v. City of Cedar Rapids,* 300 N.W.2d 153, 157 (Iowa 1981); *Werkmeister v. Kroneberger,* 262 N.W.2d 295, 297 (Iowa 1978); *Psotka v. Brockney,* 260 N.W.2d 413, 414 (Iowa 1977).

■ We are obligated to affirm an appeal whereby any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding. *Citizens First National Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980). Accordingly, we must affirm the trial court's judgment denying the plaintiff's motion for reinstatement. We are reluctant to hold that plaintiff should be denied a trial on the merits, but to interpret rule 215.1 as plaintiff requests would render it meaningless.

AFFIRMED.

---

**1.** We do not, however, intend to be understood as overruling the holding in *Schimerowski.*