K. Bruce DOLAND and Cynda K. Doland, Appellants,

v.

BOONE COUNTY, Iowa, Appellee.

No. 84–785.

Supreme Court of Iowa.

Nov. 13, 1985.

Bruce J. Nuzum of Matthias, Tyler & Nuzum, Newton, for appellants.

Carlton G. Salmons of Austin & Gaudineer, Des Moines, for appellee.

McGIVERIN, Justice.

This appeal raises procedural issues involving the proper interpretation of portions of Iowa Rule of Civil Procedure 215.1 which provides for dismissal of cases for want of prosecution and reinstatement of such cases. The determinative issue, however, involves timeliness of this appeal.

Plaintiffs' case was dismissed pursuant to rule 215.1 for want of prosecution. After the district court refused to reinstate the case, plaintiffs appealed and we transferred the case to the court of appeals. That court reversed the district court ruling and ordered the case reinstated. We granted defendant's application for further review. We now vacate the court of appeals decision and dismiss the appeal.

On June 10, 1981, plaintiff K. Bruce Doland was injured in a motorcycle accident. In a petition filed November 20 in district court, plaintiffs alleged that defendant Boone County was responsible for defects in the road on which Doland was riding, and that this negligence caused his motorcycle accident and injuries. His wife, Cynda K. Doland, joined in the action seeking damages for loss of consortium.

Answer was filed and discovery began.

On August 8, 1983, the clerk of the district court gave both parties a written rule 215.1 notice which notified them that the case had to be tried prior to January 1, 1984, or an order continuing the case entered as provided in the rule, or else the case would be subject to dismissal pursuant to the rule. Plaintiffs filed an application for continuance under rule 215.1 on December 27, 1983, and the court set a hearing on the matter for January 16, 1984. Defendant filed a resistance to the application. At the court-reported hearing held on January 16 before the court, both parties were present and argued the motion.

Plaintiffs' attorney contended that the delay in bringing the matter to trial was because the injuries of his client, K. Bruce Doland, had been slow in healing for various reasons, including a subsequent injury in a motorcycle accident during the time this action against defendant Boone county was pending. Plaintiffs' attorney told the court that he believed the case was dismissed by operation of law on January 1;

therefore, he requested the court also to consider his oral application to reinstate the case which was made on the court-reported record in the presence of opposing counsel.

Defendant resisted the motion for continuance on the ground that the case was automatically dismissed on December 31. It also resisted plaintiffs' oral application to reinstate. The matter was argued and submitted to the court for ruling.

On January 18, 1984, the court ruled that the case was dismissed by operation of law under rule 215.1 as of January 1. The court then considered the oral application for reinstatement and ruled that there were inadequate grounds shown for reinstatement of the action under rule 215.1.

On February 2, plaintiffs filed a motion for reconsideration of the January 18 ruling. On the same date they filed a written application for reinstatement, then contending that the oral application was invalid.

Both of those motions were heard on March 12. On March 19, the court denied the motion for reconsideration and plaintiffs' written application for reinstatement.

Plaintiffs appealed on April 17 from all rulings of the court and we transferred the case to the court of appeals. That court reversed the district court's ruling and held that plaintiffs' application to reinstate should have been granted because there was reasonable cause for delay in prosecution of the case.

We granted defendant's application for further review. Iowa R.App.P. 402.

Defendant has assigned numerous errors. However, the controlling issues raised by defendant which we address are: 1) whether the district court had jurisdiction to consider the motion for continuance or whether the case was automatically dismissed as of January 1, 1984; 2) whether plaintiffs' oral application made on the court-reported record for reinstatement of the case and ruling thereon were valid; and 3) whether this appeal was timely filed.

I. *Dismissal of the case under Iowa Rule of Civil Procedure 215.1.* The district court ruled that plaintiffs' case was dismissed by operation of law for want of prosecution under rule 215.1 as of January 1, 1984, and that the court was thereafter without authority to grant a motion for continuance. We agree.

The purpose of rule 215.1 is to "assure the timely and diligent prosecution of cases on the docket." *Miller v. Bonar,* 337 N.W.2d 523, 526 (Iowa 1983). The rule applies to all cases in which a petition has been on file for more than one year prior to any July 15.[1] The clerk of the district court must give notice to all counsel of record in those cases prior to August 15, informing them that the case must be tried by the next January 1 or it will be subject to dismissal. Rule 215.1 further provides in pertinent part:

> All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance *be shown by application and ruling thereon* after notice and not ex parte.

(Emphasis added.)

Our cases have interpreted this portion of rule 215.1 to mean that a filed application for continuance alone is insufficient to avoid dismissal unless it is accompanied by an order continuing the case prior to the mandatory dismissal date. *Koss v. City of Cedar Rapids,* 300 N.W.2d 153, 157 (Iowa 1981); *Brown v. Iowa District Court,* 272 N.W.2d 457, 458 (Iowa 1978); *Fankell v. Schober,* 350 N.W.2d 219, 223 (Iowa Ct. App.1984).

An exception to this general rule regarding continuance of a case subject to dismissal under rule 215.1 exists. In *Schimerowski v. Iowa Beef Packers, Inc.,* 196 N.W.2d 551, 554 (Iowa 1972), we held "where a motion for continuance is filed and submitted on notice before the rule 215.1 deadline for trial, continuance or dismissal, jurisdiction is retained by the trial court while it has such motion under advisement." We

---

**1.** There are six exceptions listed in rule 215.1, but they are not applicable here.

did *not* sanction the mere filing of a motion for continuance to stay dismissal of a case under rule 215.1, rather we permitted a case, where a motion for continuance had been submitted to the court for ruling and was under advisement, to stand and not be subject to automatic dismissal.

Plaintiffs cite *Anderson v. National By-Products, Inc.,* 257 Iowa 921, 135 N.W.2d 602 (1965), to support the proposition that their motion for continuance on file prevented the case from automatically being dismissed under rule 215.1. In *Anderson,* we held that once a motion to continue was on file at one term of court, the case would not be automatically dismissed and the motion could be considered at the next term of court. *Id.* at 923, 135 N.W.2d at 603. However, the holding in *Anderson* is inapposite here because following that decision a 1965 amendment to the rule became effective.

Originally, rule 215.1 provided only for means to avoid dismissal under the rule and did not provide for any measures of relief subsequent to dismissal for want of prosecution. Dismissal under rule 215.1 became a final judgment and the trial court had no further authority to vacate or modify the judgment under the rule. *Windus v. Great Plains Gas,* 254 Iowa 114, 124, 116 N.W.2d 410, 415 (1962); *see* Iowa R.Civ.P. 219. Under the amended rule as now in effect, however, a case which has been dismissed for want of prosecution can be reinstated by means of the procedure prescribed by the rule itself. Therefore, as has been pointed out "[s]ince the amendment allowing reinstatement has eased the plight of the displaced plaintiff under Rule 215.1, there should be less incentive for the trial court to avoid mandatory dismissal, but to hold the delinquent plaintiff to a showing of good cause on reinstatement." Note, *Iowa Rule 215.1—Mandatory Dismissal for Want of Prosecution—The Flexible Trap,* 23 Drake L.Rev. 158, 168 n. 98 (1973).

██ Therefore, we follow the result reached in those cases interpreting amended rule 215.1 and hold an application for continuance must be filed along with an order granting the motion, or else the application must have been taken under advisement for ruling by the court, prior to the mandatory dismissal date to avoid dismissal under rule 215.1. Motions for continuance under rule 215.1 should not be set by the court or court administrator for a hearing date which is after the mandatory dismissal date.

██ We do not believe the result we reach is unduly harsh.[2] As we stated in *Greene v. Tri-County Community School District,* 315 N.W.2d 779, 781 (Iowa 1982):

It is in the public interest that cases not tried or settled within a reasonable time should be dismissed. Whatever hardship might be suffered by an occasional litigant whose suit is thus lost is more than compensated by the general good that results from the impetus provided by the rule.

Further, the burden of seeking a continuance is on the applicant because he or she is the one to whom it must have been apparent in advance that the case could not be ready for trial. Requiring an applicant to prepare a motion for continuance and either obtain a ruling on it or to have it taken under advisement by the court between the time of notification by the clerk of court, no later than August 15, and

---

**2.** New standards adopted by the American Bar Association which relate to caseflow management and delay reduction support our position. One such standard provides:

From the commencement of litigation to its resolution, whether by trial or settlement, any elapsed time other than reasonably required for pleadings, discovery and court events, is unacceptable and should be eliminated. To enable just and efficient resolution of cases, the court, not the lawyers or litigants, should control the pace of litigation. A strong judicial commitment is essential to reducing delay and, once achieved, maintaining a current docket.

Standards Relating to Court Delay Reduction § 2.50 (1985).

The commentary following this standard explains, "Accumulated delay produces backlogs that waste court resources, needlessly increase lawyer fees, and create confusion and conflict in allocating judges' time." *Id.*

dismissal as of January 1 is not overly burdensome.

■ We conclude that plaintiffs' case was dismissed as of January 1, 1984, because it was not tried nor was an order granting a continuance obtained before that time. Therefore, the court correctly concluded it was without jurisdiction as of January 1, 1984, to entertain the motion for continuance.

II. *Viability of the applications for reinstatement.*

A. *The oral application for reinstatement.* Because the district court did not have the authority to entertain the motion for continuance, we next must consider whether plaintiffs' oral application to reinstate the case was valid. If the oral application for reinstatement was valid, then the appeal may have been untimely.

Rule 215.1 provides for reinstatement of a case dismissed for want of prosecution as follows:

Application for such reinstatement, setting forth the grounds therefor, shall be *filed* within six months from the date of dismissal.

(Emphasis added.)

Plaintiffs now contend that, because the rule states an application for reinstatement shall be filed, only a written one will comply with the terms of the rule; and, therefore, plaintiffs' oral application made at the January 16 hearing was invalid as was the court's subsequent ruling on it. Both parties argued the merits of the oral application which was made at the hearing recorded by a court reporter.

We have not addressed the issue of whether an oral application for reinstatement under rule 215.1 is valid, but our cases which have dealt with oral motions and orders in the context of other rules of civil procedure provide some guidance.

In *Zimmerman v. Purex Corp.*, 256 Iowa 190, 193, 125 N.W.2d 822, 824 (1964), we agreed that generally "motions must be in writing and notice thereof given." However, we noted that Iowa Rule of Civil Procedure 117 which governs motions, indi-

cated that "motions need not be written if made during trial." *Id.* at 193, 125 N.W.2d at 824.

Some justification for this holding was offered in *Rheuport v. State*, 238 N.W.2d 770, 775 (Iowa 1976), where we held:

An oral statement of such findings by the factfinder, made in open court in the presence of the defendant and recorded by a court reporter, is substantially equivalent to the written statement [of evidence and reasons relied on for revocation of parole or probation] required by *Morrissey* [*v. Brewer*, 408 U.S. 471, 498, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499 (1972)].

Therefore, one reason for requiring a writing is to provide a party with notice.

A second justification for requiring a writing is found in *Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109, 111 (Iowa 1981), where we stated:

Initially, we recognize there are many valid oral rulings and orders made during trial. These arise from objections to evidence and oral motions. Generally, these rulings need not be reduced to writing as an accurate and available record is preserved by the court reporter. Section 624.9, The Code 1979.

Thus, a second reason for preferring a writing is to have a record of what occurred in the proceeding.

In *Robco Transportation, Inc. v. Ritter*, 356 N.W.2d 497, 500 (Iowa 1984), we disallowed what plaintiff characterized as an oral motion. Plaintiff in this case contended that a phone call to the presiding district court judge was the equivalent of an Iowa R.Civ.P. 179(b) motion to reconsider a ruling. We refused to grant legal significance to that alleged oral motion because there was no indication that any record was made, nor was service of the motion or notice of it given to opposing counsel. These are prerequisites for a valid oral motion.

The federal courts allow oral motions and orders to be made during a recorded proceeding where both sides are before the

court. *See Tamari v. Bache and Co., (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir.1984) (where oral proceedings give litigant notice documents are to be produced, written order unnecessary); *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 843 (6th Cir.1983) (withdrawal of written motion to dismiss must be in writing unless made during hearing or trial); *International Business Machines Corp. v. Edelstein*, 526 F.2d 37, 47 (2d Cir.1975) (oral motion made during hearing or trial valid); *Alger v. Hayes*, 452 F.2d 841, 843 (8th Cir.1972) (oral motion to dismiss for lack of personal jurisdiction in unrecorded pretrial conference invalid); *Douglas v. Union Carbide Corp.*, 311 F.2d 182, 185 (4th Cir.1962) (oral motion for new trial in court-reported record made after verdict rendered is valid).

The Federal Rules of Civil Procedure specifically provide for oral motions in certain situations. Fed.R.Civ.P. 7(b)(1) provides in part as follows:

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be in writing. . . .

Although there is no counterpart to rule 7(b)(1) in the Iowa Rules of Civil Procedure, our cases have in substance reached the same result without such a rule. The reasons for requiring a writing, which are to require notice to opposing counsel or parties and to have a record, are given in both the Iowa and federal cases.

■■■ Therefore, because these two conditions were met, we hold that plaintiffs' oral application for reinstatement of the case under Iowa R.Civ.P. 215.1 was valid under this record. The ruling filed January 18, 1984, denying the application for reinstatement was a final judgment in the case.

We do note it would have been better procedure for plaintiffs' attorney initially to have made a written motion to reinstate.

B. *Written successive application for reinstatement.* We next must consider whether plaintiffs' written second application for reinstatement had legal significance. If it had legal significance, then appeal from denial of the second written application clearly was timely.

Plaintiffs made a written application for reinstatement of their case on February 2, after the district court denied their prior oral application for reinstatement. We now must consider the legal effect, if any, this second application had upon plaintiffs' action.

In *Townsend v. Wisner*, 62 Iowa 672, 18 N.W. 304 (1884), a case decided before our current rules of civil procedure were adopted, at issue was the legal effect of a successively filed motion to strike. The court had overruled the first motion to strike and plaintiffs then filed another one on the same grounds. We determined that once a motion has been overruled, the proper recourse for the party who made the motion is to seek to have the order overruling it set aside, rather than to bring another identical motion. *Id.* at 673, 18 N.W. at 304. Our reasoning was summarized as follows:

If a motion which has been disposed of can be called up once by the unsuccessful party and be re-heard, as if no ruling had been made, it might more than once, and the result would be that motions passed upon might be deemed as always virtually pending, at least in the sense that they were subject to be re-heard at any time at the pleasure of the party who was last unsuccessful.

*Id.* at 673, 18 N.W. at 304.

■■■ Based, however, on interpretation of our present rules of civil procedure, we conclude the second written application was without legal significance. In subdivision II–A above we said the January 18 ruling denying reinstatement of the case was a final judgment. We state in division III *infra* that no timely Iowa R.Civ.P. 179(b) motion had been filed in regard to this ruling which could affect its finality or extend appeal time.

Accordingly, we conclude the written second application for reinstatement and the ruling thereon had no legal effect upon plaintiffs' case, nor did that motion and ruling extend or renew plaintiffs' time for appeal.

III. *Timeliness of the appeal.* Defendant contends that plaintiffs' notice of appeal was not timely filed; and, therefore, we have no jurisdiction over this appeal. We agree with defendant.

Because plaintiffs' oral application for reinstatement was valid, plaintiffs' motion to reconsider the adverse ruling thereon constituted an Iowa R.Civ.P. 179(b) motion. We look to the substance of the motion and not its title. *Peoples Trust and Savings Bank v. Baird,* 346 N.W.2d 1, 2 (Iowa 1984). Rule 179(b) provides in part:

> On motion joined with or filed *within the time allowed for a motion for new trial,* the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted.

(Emphasis added.)

■ This rule must be read in conjunction with rule 247 which sets the time allowed for a motion for new trial. Such a motion must be "filed within 10 days after the verdict, report or decision is filed." Iowa R.Civ.P. 247.

Plaintiffs' February 2 motion for reconsideration of the January 18 ruling on their oral application for reinstatement was untimely, *see* Iowa Code section 4.1(22), because it was filed fifteen days after the disputed ruling. Untimely appeals present questions of subject matter jurisdiction. *Uchtorff v. Dahlin,* 363 N.W.2d 264, 267 (Iowa 1985).

■ Had the rule 179(b) motion been timely and therefore valid, plaintiffs' appeal from the ruling thereon would have been timely because of Iowa Rule of Appellate Procedure 5(a) which provides in relevant part:

[A]ppeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict as provided in R.C.P. 247, or a motion as provided in *R.C.P. 179'b',* is filed, and then within thirty days after the entry of the ruling on such motion....

(Emphasis added.)

■ Here, the thirty-day period was not tolled and since notice of appeal was not filed until April 17, the appeal was untimely. It is our duty to refuse, on our own motion, to entertain an appeal not authorized by rule. *Robco,* 356 N.W.2d at 498.

Therefore, this court is without jurisdiction to consider plaintiffs' appeal.

Accordingly, the decision of the court of appeals is vacated and this appeal is dismissed.

DECISION OF COURT OF APPEALS VACATED; APPEAL DISMISSED.

All Justices concur except CARTER and WOLLE, JJ., who dissent.

CARTER, Justice (dissenting in part).

Although the majority's decision on the jurisdictional aspects of this appeal may be warranted, I must voice my disapproval of the court's statements concerning the requirements for obtaining a continuance under Iowa Rule of Civil Procedure 215.1. In *Anderson v. National By-Products, Inc.,* 257 Iowa 921, 135 N.W.2d 602 (1965), we uttered a clear and unambiguous holding that, in order to avoid the automatic dismissal of "strike list" cases under rule 215.1, the court is "not compelled to enter its order for continuance at the dismissal term." *Id.* at 923, 135 N.W.2d at 603. We amplified this conclusion by stating:

[S]ince the motion for continuance was filed, ordered set for hearing and notice of the hearing given, all during the dismissal term, the court retained jurisdiction to hear and rule on the motion for continuance....

It may be physically impossible for a busy trial judge to hear and finally dispose of all pending matters before the close of a term.... We are not disposed to hold under the circumstances shown here that the power of the court to continue the case and to decline to dismiss it under rule 215.1 must be exercised at the dismissal term. We do not think the language of the rule or any previous decision of ours compels such a holding.

*Id.*

I believe the *Anderson* holding was wise and that we should continue to apply it without embellishment. I see no advantage in imposing an additional requirement, which the majority establishes today, that there must be a formal submission of the motion for continuance in order for the court to retain jurisdiction after the rule 215.1 trial deadline. The language from *Schimerowski v. Iowa Beef Packers, Inc.,* 196 N.W.2d 551, 554 (Iowa 1972), in which the majority finds support for this added requirement, is, I submit, only descriptive of the facts of the case then before the court. It does not suggest any alteration of the *Anderson* holding. It is significant that the court in *Schimerowski* supports its decision with the observation that "[d]efendant is unable to indicate what further these claimants could have done to obtain the required ruling." *Schimerowski,* 196 N.W.2d at 554. A plaintiff facing dismissal of a case under rule 215.1 has done all that is within that person's power to obtain a required ruling when the motion for continuance has been filed and the matter set for hearing. Neither the plaintiff nor the plaintiff's lawyer has any control over the court's availability for a hearing date. To suggest that in the present case there was something more than plaintiff's counsel could have done, is simply incorrect.

The majority suggests that its position promotes the purposes of rule 215.1. I suggest that precisely the opposite is true. Just as it is the purpose of that rule to dismiss those cases on file for the prescribed period of time when "satisfactory reasons for want of prosecution" are not shown, it is also the purpose of the rule *not* to dismiss those cases in which satisfactory reasons for want of prosecution can be shown. A plaintiff wishing to establish that a case is not subject to dismissal under the rule can do no more than file a motion for continuance and ask the court to issue a ruling thereon. Until such ruling is forthcoming, it is impossible to tell whether a particular case falls in the category for which the rule favors a dismissal.

I find no merit in the suggestion of the majority that the court's power to decide a motion for continuance under the rule after the try-or-dismiss period has expired, may now safely be curtailed because of the availability of reinstatement under the last paragraph of rule 215.1 which was added in 1965. That amendment to rule 215.1 is designed as an avenue of relief for those parties who have failed to invoke the regular continuance procedures of the rule as a result of oversight, mistake or other reasonable cause. It is not intended to apply as a substitute for a motion for continuance filed and determined in the regular manner. I would hold that the district court was incorrect in finding that the plaintiff's case was automatically dismissed on January 1, 1984, and should have determined the merits of plaintiff's motion for continuance.

WOLLE, J., joins this dissent.