# IN THE COURT OF APPEALS OF IOWA

No. 13-0802
Filed July 30, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID J. BORGSTEDE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Gary D. McKenrick, Judge.

David Borgstede appeals his convictions and sentence for indecent contact with a child and sexual abuse in the third degree. **AFFIRMED.**

Matthew L. Noel of The Noel Law Firm, P.C., Maquoketa, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Michael L. Wolf, County Attorney, and Ross Barlow, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

David Borgstede appeals his convictions and sentence for indecent contact with a child and sexual abuse in the third degree. Borgstede claims his counsel was ineffective by failing to file a motion in arrest of judgment when he was not properly advised of the full consequences of his guilty plea. We find Borgstede's appeal is related to his original guilty plea, more than ten years ago, and not to the recent correction of his sentence. The proper method for raising his ineffective assistance of counsel claim was either on direct appeal from the initial conviction and sentencing or by an application for postconviction relief. Having failed to present his claims through either one of those procedures, we affirm.

I.      **Background Facts and Discussion**

On June 12, 2003, David Borgstede pleaded guilty to indecent contact with a child and sexual abuse in the third degree. He was later sentenced to a term not to exceed ten years in prison on each count, to be served consecutively. At the time of sentencing Borgstede was not made aware of the additional two years of probation or work release required by Iowa Code section 901A.2(7) (2001).

On March 22, 2013, the department of corrections (DOC) sent an unsolicited letter to the district court raising the section 901A.2(7) issue. The district court set the matter for hearing and resentenced Borgstede to an additional two-year term of parole or work release.[1]

---

[1] The requirement is currently found in section 901A.2(8) (2013).

Borgstede, on appeal, claims his counsel, during the initial plea and sentencing proceedings, was ineffective by failing to file a motion in arrest of judgment as a response to the court's failure to advise him of the section 901A.2(7) requirement.[2]

The case stands on an unusual position. The sentence was not corrected through a motion to correct sentence, but at the suggestion of the DOC. Borgstede does not appeal from any alleged error or irregularity in the resentencing, but rather from the original plea and sentencing more than ten years ago. He has not preserved error on those claims because he did not timely appeal from those proceedings. *See* Iowa R. App. P. 6.101(1)(b) (notice of appeal must be filed within thirty days of the final order or judgment). Our supreme court has held our appellate courts have a "duty to refuse, on our own motion, to entertain an appeal" not timely filed. *See Doland v. Boone Cnty.*, 376 N.W.2d 870, 876 (Iowa 1985). Because Borgstede's claims relate to the performance of counsel during the 2003 hearing and he has failed to timely appeal from those proceedings, or after a denial of an application for post-conviction relief, we do not have authority to address his claims.

**AFFIRMED.**

Vaitheswaran, P.J., concurs; Tabor, J., concurs specially.

---

[2] Borgstede also contends error was preserved by filing notice of appeal in this case. Filing notice of appeal does not preserve error. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. R. 39, 48 (Fall 2006).

**TABOR, J.** (concurs specially)

I agree with the panel's decision to affirm Borgstede's convictions and sentences, but I would preserve his claim of ineffective assistance of counsel for postconviction-relief proceedings. Attorney Murray Bell represented Borgstede at his guilty plea hearing in 2003. At that hearing the district court did not accurately notify Borgstede concerning the maximum possible punishment. Bell failed to file a motion in arrest of judgment to challenge the misinformation in the plea colloquy.

In 2013, Borgstede learned for the first time that he faced an additional two-year term of parole under Iowa Code section 901A.2(8). The court again appointed Bell to represent Borgstede.[3] At the hearing on the allegedly illegal sentence, Bell objected to modification, but did not articulate any argument on behalf of his client, saying: "I'm not going to state a legal basis. Leave that wide open for somebody else to decide."

Borgstede claims Bell provided ineffective assistance by not filing a motion in arrest of judgment to challenge the original guilty plea. The State counters that Bell would not have been permitted to file a motion in arrest of judgment ten years after the plea was entered and argues Borgstede cannot attack his original plea on appeal from the correction of an illegal sentence. Borgstede finds

---

[3] Borgstede wrote a letter to the court—dated April 21, 2013 and file stamped April 24, 2013—claiming Bell had a conflict of interest and asking for a different court-appointed attorney. Nevertheless, on April 24, 2013, the court appointed Bell to represent Borgstede at the resentencing hearing set for May 9, 2013.

himself in a Catch-22.[4]   The court did not tell him about the special parole sentence at the plea hearing, which the State admits was a mistake.  By the time Borgstede was notified of the additional punishment ten years after his conviction, it was too late to complain about not being told, and to further complicate matters, the court appointed the same attorney who let the misinformation go uncorrected.

Trial counsel's ineffective assistance may serve as a ground-of-fact exception to the three-year statute of limitations for postconviction relief actions under Iowa Code section 822.3.  *See Dible v. State*, 557 N.W.2d 881, 884 (Iowa 1996) *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003).  In a postconviction action with the benefit of different counsel, Borgstede should be able to critique Bell's performance and its impact on his decision to enter guilty pleas.

Therefore, I would preserve his claim for postconviction-relief proceedings.

---

[4] As our supreme court noted in *State v. Neiderbach*, 837 N.W.2d 180, 225 n.9 (Iowa 2013), this phrase finds its roots in a Joseph Heller novel describing a "problematic situation for which the only solution is denied by a circumstance inherent in the problem or by a rule."